812 A.2d 617

COMMONWEALTH of Pennsylvania, Appellee,

v.

Jerome MOUZON, Appellant.

Supreme Court of Pennsylvania.

Argued April 9, 2002.

Decided Dec. 19, 2002.

422

Gerald A. Stein, Philadelphia, Philip J. Degnan, Newark, NJ, for Jerome Mouzon.

Catherine Lynn Marshall, Hugh D. Burns, Jr., Philadelphia, for Commonwealth of Pennsylvania.

Before ZAPPALA, C.J., and CAPPY, CASTILLE, NIGRO, NEWMAN, SAYLOR and EAKIN, JJ.

### OPINION ANNOUNCING THE JUDGMENT OF THE COURT

Justice NIGRO.

The issue presented in the instant appeal is whether the Superior Court erred in refusing to review Appellant Jerome Mouzon's challenge to the discretionary aspects of his criminal sentence based upon its conclusion that his claim of excessiveness failed to raise a substantial question as a matter of law because his sentence was within the statutory limits. As we find the Superior Court erred, we reverse.

■ Traditionally, the trial court is afforded broad discretion in sentencing criminal defendants "because of the perception that the trial court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Commonwealth v. Ward*, 524 Pa. 48, 568 A.2d 1242, 1243 (1990). Under Pennsylvania's Sentencing Code, 42 Pa.C.S. § 9701 *et seq.*, a trial court must "follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." [1] *Id.* § 9721(b). The court must also consider the statutory

---

1. To that end, Pennsylvania's statutory scheme specifies the grade and degree of each particular crime. *See, e.g.,* 18 Pa.C.S. § 907(b) ("A person commits a misdemeanor of the first degree if he possesses a firearm or other weapon concealed upon his person with intent to

Sentencing Guidelines, which were promulgated in order to address the problems associated with disparity in sentencing. *See id.; see also* 42 Pa.C.S. §§ 2151–2155 (governing creation and adoption of the Sentencing Guidelines); 204 Pa.Code §§ 303.1–303.18 (Pennsylvania Sentencing Guidelines); *see generally Commonwealth v. Sessoms,* 516 Pa. 365, 532 A.2d 775, 776–77 (1987) (discussing the formation of the Sentencing Commission and the development of the Guidelines).[2]

The Sentencing Guidelines enumerate aggravating and mitigating circumstances, assign scores based on a defendant's criminal record and based on the seriousness of the crime, and specify a range of punishments for each crime.[3] "In every case in which the court imposes a sentence for a felony or misdemeanor, the court shall make as a part of the record,

employ it criminally."); *id.* § 3701(2)(b) ("Robbery under subsection (a)(1)(iv) is a felony of the second degree; robbery under subsection (a)(1)(v) is a felony of the third degree; otherwise it is a felony of the first degree."). Moreover, the General Assembly has provided the statutory maximum legal sentences for each grade and degree of crime. 18 Pa.C.S. §§ 1103 (sentence of imprisonment for felony), 1104 (sentence of imprisonment for misdemeanors). If the trial court imposes a sentence of total confinement, the sentence must include a minimum period of imprisonment, which "shall not exceed one-half of the maximum sentence imposed." 42 Pa.C.S. § 9756(b).

2. In 1978, the General Assembly empowered the Pennsylvania Commission on Sentencing to formulate Sentencing Guidelines, which the General Assembly subsequently adopted. This Court has recognized that the Sentencing Guidelines were promulgated in order to structure the trial court's exercise of its sentencing power and to address disparate sentencing. *See Ward,* 568 A.2d at 1243–44; *Sessoms,* 532 A.2d at 776–77. Legislative history also indicates that the Guidelines were enacted "to make criminal sentences more rational and consistent, to eliminate unwarranted disparity in sentencing, and *to restrict the unfettered discretion we give to sentencing judges." Commonwealth v. Gause,* 442 Pa.Super. 329, 659 A.2d 1014, 1016 (1995) (quoting Pennsylvania House Journal, 3130 (September 21, 1978)) (emphasis added in cited text).

3. Essentially, the Guidelines set forth a recommended standard range ("standard range") in which any given defendant's sentence should fall, based on the gravity of the defendant's offense and the defendant's prior record. For each standard range that corresponds to a particular offense committed by a particular defendant, the Guidelines also sets forth an "aggravated range" and a "mitigated range" to guide the court should it believe that a sentence in the standard range would be inappropriate under the circumstances. *See* 204 Pa.Code § 303.13.

and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S. § 9721(b); *see* 204 Pa.Code § 303.1(d). The Sentencing Guidelines are not mandatory, however, so trial courts retain broad discretion in sentencing matters, and therefore, may sentence defendants outside the Guidelines.[4] *See* 42 Pa.C.S. § 9721(b); *Commonwealth v. Ellis,* 700 A.2d 948, 958 (Pa.Super.1997). If a court departs from the sentencing recommendations contained in the Sentencing Guidelines, it must "provide a contemporaneous written statement of the reason or reasons for the deviation." 42 Pa.C.S. § 9721(b); *see* 204 Pa.Code § 303.1(d).

█ Appellate review of sentences is governed by § 9781 of the Pennsylvania Sentencing Code, which makes clear that there is no absolute right to appellate review of the discretionary aspects of a sentence.[5] *See id.* § 9781. Rather, allowance of an appeal raising such a claim will be granted only when the appellate court with initial jurisdiction over such claims, most typically the Superior Court, determines that there is a substantial question that the sentence is not appropriate under the Sentencing Code. *See id.* § 9781(b).[6] To facilitate the Superior Court's exercise of discretion under § 9781(b), Rule

4. A sentence outside of the Guidelines is one imposed outside of all the recommended ranges, i.e., either below the mitigated range or above the aggravated range for a particular crime. Of course, a court may not legally impose a sentence that exceeds the statutory limits. *See supra,* n. 1.

5. Under the statute, however, a challenge to the legality of a sentence can be brought as of right. *See* 42 Pa.C.S. § 9781(a) ("The defendant or the Commonwealth may appeal as of right the legality of the sentence.").

6. Specifically, subsection (b) provides:
   (b) The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.
   42 Pa.C.S. § 9781(b). As a general matter, the legislature has granted the Superior Court "exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas ... *except* such classes of

2119(f) of the Pennsylvania Rules of Appellate Procedure requires appellants seeking appellate review of the discretionary aspects of a sentence to include in their brief a separate "concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence," which "shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence." Pa.R.A.P. 2119(f). From an appellant's Rule 2119(f) statement, the Superior Court decides whether to review the discretionary aspects of a sentence based upon a case-by-case determination as to whether "a substantial question concerning the sentence exists." *In the Interest of M.W.*, 555 Pa. 505, 725 A.2d 729, 731 (1999) (citing *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17, 19 (1987)). To demonstrate that a substantial question exists, "a party must articulate reasons why a particular sentence raises doubts that the trial court did not properly consider [the] general guidelines provided by the legislature." *Commonwealth v. Koehler*, 558 Pa. 334, 737 A.2d 225, 244 (1999) (quoting *Commonwealth v. Saranchak*, 544 Pa. 158, 675 A.2d 268, 277 (1996)); *see Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa.Super.2000), *allocatur denied*, 563 Pa. 672, 759 A.2d 920 (2000) (appellant is required only to make a plausible argument that his sentence is either inconsistent with a particular provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process).

■ Pursuant to § 9781(f) of the Sentencing Code, "[n]o appeal of the discretionary aspects of the sentence shall be

appeals as are ... within the *exclusive jurisdiction of the Supreme Court or the Commonwealth Court.*" 42 Pa.C.S. § 742 (emphasis added).

This Court has exclusive jurisdiction of appeals from final orders of the courts of common pleas in cases where the death penalty is imposed. *See id.* §§ 722(4), 9711(h). Accordingly, when a capital defendant appeals to this Court, we review any other appeals relating to lesser sentences imposed upon the defendant as a result of the same criminal episode, including challenges to the discretionary aspects of sentencing pursuant to § 9781. *See* Pa.R.A.P. 702(b) (Matters Tried With Capital Offenses); *Commonwealth v. Koehler*, 558 Pa. 334, 737 A.2d 225, 244–45 (1999) (addressing capital appellant's challenges to discretionary aspects of sentencing imposed upon appellant's non-capital offenses); *Commonwealth v. Saranchak*, 544 Pa. 158, 675 A.2d 268, 277 (1996) (same).

permitted beyond the appellate court that has initial jurisdiction for such appeals." 42 Pa.C.S. § 9781(f). As a result, this Court lacks jurisdiction to consider challenges to the discretionary aspects of sentences that the Superior Court has already reviewed. *See id.* § 9781(b), (f); *Tuladziecki*, 522 A.2d at 18. However, nothing in the Sentencing Code precludes this Court from reviewing the Superior Court's application of legal principles. *See Commonwealth v. Smith*, 543 Pa. 566, 673 A.2d 893, 895 (1996). In fact, we have previously concluded that this Court may review issues, such as the one presented by this appeal, regarding whether the Superior Court correctly interpreted and applied the Sentencing Code and case law in sentencing matters. *Id.*

Here, Appellant's sentence was imposed after he was convicted for committing several armed robberies and related offenses in Philadelphia over an eleven-day period in October 1997. The crimes involved three separate incidents where Appellant and several co-conspirators entered two food markets and a restaurant and, at gunpoint, stole money from customers and the establishments' cash registers. A police investigation of the crimes led to the arrest of one co-conspirator on November 14, 1997. Later that same day, the police obtained and executed an arrest warrant for Appellant and a search warrant for his residence, which resulted in the recovery of an old .44 magnum revolver from the basement, which witnesses later identified as the one used in the robberies. On November 15, 1997, Appellant gave a statement to the police acknowledging his involvement in one of the robberies and admitting that he had brandished the .44 magnum handgun. Following further police investigation, on December 19, 1997, Appellant gave a second inculpatory statement regarding his involvement in one of the other robberies.

Upon the completion of the police investigation, Appellant was charged with numerous crimes stemming from his involvement in the three robberies. Following a three-day trial, on December 22, 1998, a jury found Appellant guilty of eight counts of robbery, eight counts of possessing an instrument of

crime, and seven counts of conspiracy.[7] On June 23, 1999, the trial court imposed a prison term of ten to twenty years for each of five robbery convictions, ten to twenty years for each of two conspiracy convictions and two and one-half to five years for one possessing an instrument of crime conviction.[8] The court ordered that all of the sentences were to run consecutively, for an aggregate sentence of seventy-two and one-half years to one hundred forty-five years imprisonment. This sentence was within the statutory legal limits, but was above the aggravated range of the Sentencing Guidelines. The trial court stated on the record that it considered the applicable Guidelines, the presentence report, and the mental health evaluation of Appellant. N.T., 6/23/99, at 26–28. The court also explained its reasons for deviating from the Guidelines, which included: Appellant's denial of his involvement in the crimes despite multiple identifications by proximate eyewitnesses; his "social hereditary history," i.e., his father was also incarcerated; his lack of remorse for terrorizing a neighborhood and for pointing a handgun at innocent victims and threatening to shoot them; his history of substance abuse and its adverse affects on his family and employment; his poor likelihood of rehabilitation; and the danger he poses to the community. *Id.* at 26–30. Appellant filed a post-sentence motion to vacate and reconsider the sentence, which the trial court denied on June 30, 1999.

On appeal to the Superior Court, Appellant alleged that the trial court abused its discretion in sentencing him to the absolute maximum penalty for each offense, arguing that under the circumstances of the case, sentencing him to what amounted to a life sentence was arbitrary, excessive, unreasonable, shocking to the conscience and disproportionate to the crimes committed. Appellant pointed out that he was a twenty-year-old first-time offender with neither an adult or juvenile record, and that he did not discharge a gun or injure anyone during the robberies. According to Appellant, the

7. 18 Pa.C.S. §§ 3701(a)(1)(ii), 907(b) and 903, respectively.

8. Each sentence imposed was the maximum permitted by law for the crime.

sheer magnitude of the trial court's deviation from the Sentencing Guidelines presented a substantial question of excessiveness that warranted the Superior Court's review.

In a memorandum opinion filed May 23, 2001, the Superior Court concluded that Appellant failed to raise a substantial question warranting appellate review, and therefore, declined to review the merits of his claim. Slip. Op. at 6–8. In so concluding, the Superior Court relied upon cases holding that, under 42 Pa.C.S. § 9781, a claim of excessiveness that is raised against a sentence within the statutory limits fails to raise a substantial question as a matter of law. *See id.* (citing *Commonwealth v. Burton*, 770 A.2d 771 (Pa.Super.2001)) (citation omitted) ("a claim of excessiveness when the sentence is within the statutory limits is not a substantial question"); *Commonwealth v. Petaccio*, 764 A.2d 582 (Pa.Super.2000) (citation omitted) ("A [bald] claim of excessiveness of sentence does not raise a substantial question so as to permit appellate review where the sentence is within the statutory limits."); *Commonwealth v. Martin*, 727 A.2d 1136, 1143 n. 8 (Pa.Super.1999) ("A claim of excessiveness of sentence fails to raise a substantial question for review where, as here, the sentence is within the statutory limits.").[9] This Court subsequently granted Appellant's Petition for Allowance of Appeal.

**9.** *See also, e.g., Commonwealth v. Nixon,* 718 A.2d 311, 315 (Pa.Super.1998) (quoting *Commonwealth v. Dungan,* 372 Pa.Super. 323, 539 A.2d 817 (1988)); *Commonwealth v. Nelson,* 446 Pa.Super. 240, 666 A.2d 714, 720 (1995); *Commonwealth v. Canfield,* 432 Pa.Super. 496, 639 A.2d 46, 48 (1994); *Commonwealth v. Breter,* 425 Pa.Super. 248, 624 A.2d 661, 662 (1993); *Commonwealth v. Jones,* 418 Pa.Super. 93, 613 A.2d 587, 593 (1992) (en banc).

Significantly, the Superior Court below ignored a number of conflicting cases in which it has reviewed excessiveness challenges to sentences within the statutory limits just like any other challenge to the discretionary aspects of sentencing. *See, e.g., Commonwealth v. Cunningham,* 805 A.2d 566, 574–75 (Pa.Super.2002); *Commonwealth v. Eby,* 784 A.2d 204, 206 (Pa.Super.2001); *Commonwealth v. Rodda,* 723 A.2d 212, 214 (Pa.Super.1999) (en banc); *Commonwealth v. Davis,* 737 A.2d 792, 798 (Pa.Super.1999); *Commonwealth v. Smart,* 387 Pa.Super. 518, 564 A.2d 512, 514 (1989); *Commonwealth v. Quier,* 366 Pa.Super. 275, 531 A.2d 8, 11–12 (1987); *Commonwealth v. Simpson,* 353 Pa.Super. 474, 510 A.2d 760, 761–62 (1986).

430

■ On appeal here, Appellant essentially argues that the Superior Court violated his right to appeal by concluding that, under § 9781(b), the excessiveness of a sentence within the statutory limits *cannot* be reviewed as a matter of law because such a claim does not raise a substantial question that the sentence is inappropriate under the Sentencing Code.[10] We agree with Appellant that the Superior Court erred.

Even before the Guidelines were enacted, this Court recognized that a trial court could abuse its discretion by imposing a sentence that was "manifestly excessive," even when that sentence was within the statutory limits. For example, we stated that sentencing lies "within the sole discretion of the trial court, and the sentence imposed will not be reviewed by

**10.** The Commonwealth contends that Appellant waived this claim because he did not raise it in his Pa.R.A.P.1925(b) statement of matters complained of on appeal, but instead, raised it for the first time on appeal to this Court. The Commonwealth also argues, for the first time, that Appellant filed his 1925(b) statement late. We reject the Commonwealth's assertion that this Court cannot consider this appeal.

First, although ordinarily "[i]ssues not raised before the lower court are waived and cannot be raised for the first time on appeal," Pa.R.A.P. 302(a), a claim will not be considered waived if it could not have been raised in the lower tribunal. *See Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 12–13, 120 S.Ct. 1084, 146 L.Ed.2d 1 (2000) (claim must be ripe for judicial review); *Treski v. Kemper Nat'l Ins. Cos.*, 449 Pa.Super. 620, 674 A.2d 1106, 1113 (1996) (case or controversy must exist at all stages of the judicial process or the matter will be dismissed). Here, despite the Commonwealth's assertions to the contrary, Appellant could not have raised the claim he raises here until the Superior Court summarily dismissed his excessiveness challenge without reviewing its merits. The Commonwealth nonetheless contends that because § 9781(b) existed at the time of Appellant's appeal to the Superior Court, Appellant should have raised this issue, even though the statute had not yet been applied to his case. The mere existence of a statute, however, does not create a justiciable controversy. *See Treski*, 674 A.2d at 1113.

Moreover, to the extent the Commonwealth now argues that Appellant filed his 1925(b) statement in an untimely manner, the Commonwealth only asserted this issue *after* this Court granted allocatur. The Commonwealth did not raise in the lower courts a claim that Appellant failed to comply with Pa.R.A.P.1925(b), and did not even file a brief in opposition to Appellant's petition for allowance of appeal. Rather, the Commonwealth simply supplied this Court with a copy of the "Letter Brief" it had previously filed with the Superior Court, which did not address this issue. Thus, the Commonwealth has waived any objections it may have had to the Superior Court's decision. *See* Pa.R.A.P. 302(a).

an appellate court, *unless* it exceeds the statutorily prescribed limits *or is so manifestly excessive as to constitute too severe a punishment."* *Commonwealth v. Wrona,* 442 Pa. 201, 275 A.2d 78, 81 (1971) (emphasis added); *see also Commonwealth v. Garramone,* 307 Pa. 507, 161 A. 733, 735 (1932) (applying "manifestly excessive" exception to conclude trial court abused its discretion in imposing death sentence). Similarly, in *Commonwealth v. Person,* 450 Pa. 1, 297 A.2d 460, 462 (1972), we concluded that when a trial court imposes a sentence that is within the statutory limits, "there is no abuse of discretion unless the sentence is manifestly excessive so as to inflict too severe a punishment." The Superior Court consistently adhered to these principles and addressed claims by appellants that their sentences, though within the statutory limits, were manifestly excessive. *See, e.g., Commonwealth v. Norris,* 248 Pa.Super. 330, 375 A.2d 122, 123–24 (1977) ("It is equally well-settled that an appellate court will not find an abuse of [the trial court's] broad discretion, providing that the sentence is within statutory limits, unless the sentence imposed is so manifestly excessive as to inflict too severe a punishment."); *Commonwealth v. Straw,* 238 Pa.Super. 535, 361 A.2d 427, 428 (1976) (same); *Commonwealth v. Zelnick,* 202 Pa.Super. 129, 195 A.2d 171, 173 (1963) (same); *Commonwealth v. Bilinski,* 190 Pa.Super. 401, 154 A.2d 322, 325 (1959) (same).

In keeping with this standard, when the General Assembly amended the Sentencing Code in 1980 it stated in clear language that "an appellate court *shall* vacate the sentence and remand the case" where it finds that the trial court:

(2) sentenced *within the sentencing guidelines **but** the case involves circumstances where the application of the guidelines would be clearly unreasonable;* or

(3) sentenced *outside the sentencing guidelines **and** the sentence is unreasonable.*

42 Pa.C.S. § 9781(c)(2) & (3) (emphasis added).[11] Thus, under the clear and unambiguous language of the statute, the Superior Court is required to vacate sentences that are outside of

11. In its entirety, subsection (c) states:

the Guidelines if they are "unreasonable," and is also required to vacate sentences within the Guidelines if they are "clearly unreasonable." *See* 1 Pa.C.S. § 1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit"). There is no language in § 9781 which in any way indicates that an excessiveness claim is excluded from this mandate.

In fact, in applying the statutory provisions of § 9781(b), this Court has continued to recognize that an appellant may raise an excessiveness challenge even when he is sentenced within the statutory limits for a particular crime. For example, in *Commonwealth v. Koehler*, 558 Pa. 334, 737 A.2d 225 (1999), a capital case on direct appeal to this Court, we addressed, *inter alia*, the appellant's claim that the sentences imposed for his non-capital convictions were excessive. Although we ultimately declined to review the merits of the appellant's excessiveness challenge, this Court did not find that such a claim was precluded as a matter of law. Rather, we denied discretionary review under § 9781 because, after reviewing the appellant's prefatory Rule 2119(f) statement, we found that he had "failed to set forth a substantial question that the sentence was inappropriate, and thus deserving of our review." *Id.* at 244. *See also Commonwealth v. Saranchak*, 544 Pa. 158, 675 A.2d 268, 277 (1996) (dismissing appellant's discretionary sentencing challenge to a sentence imposed within the statutory limits, but outside of the Guidelines, because the appellant failed to provide the required Rule 2119(f) prefatory statement). Clearly then, this Court has not sanc-

(c) The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.
42 Pa.C.S. § 9781(c).

tioned a rule such as that applied by the Superior Court below whereby an excessiveness challenge raised against a sentence within the statutory limits is *per se* precluded from receiving appellate review.[12]

While it is undoubtedly true that the legislature granted the Superior Court discretion to decide whether it will review a challenge to the discretionary aspects of sentencing, § 9781(b) does not grant the Superior Court the discretion to exclude an entire class of challenges from having the opportunity to receive appellate review on the merits. *See Commonwealth v. Cappellini*, 456 Pa.Super. 498, 690 A.2d 1220, 1227 (1997) (although an appellant is not entitled to appeal discretionary aspects of sentencing as of right, the Superior Court "must determine whether [the] appellant has raised a substantial question" so as to merit appellate review). The legislature has set forth the terms of appellate review of sentences, and the Superior Court cannot *sua sponte* alter the requirements regarding whether a claim may receive appellate review on the merits, nor can it legislate its own exclusions.[13] Further-

**12.** Although each state employs its own distinctive sentencing scheme, and this Court is not bound by decisions from the courts of our sister states, we note that other jurisdictions have provided for appellate review of excessiveness claims, even where the challenged sentence is within the range permitted by law. *See, e.g., State v. Johnson*, 136 Idaho 701, 39 P.3d 641, 645 (2001) (an appellant challenging a sentence as excessively harsh can establish a clear abuse of discretion if he shows the sentence is unreasonable upon the facts of the case; the appellate court conducts an independent review of the record and focuses on the nature of the offense and the character of the offender); *State v. Wisehart*, 569 A.2d 434, 436–37 (R.I.1990) (although sentencing is a matter of discretion for the trial judge, appellate court may set aside clearly excessive sentence within the statutory limits); *State v. Pillot*, 115 N.J. 558, 560 A.2d 634, 636–38 (1989) (even if a sentence falls "within the discretionary parameters of" the sentencing code, an appellant can sustain an excessiveness claim by demonstrating an abuse of discretion); *see also State v. Cunningham*, 236 Kan. 842, 695 P.2d 1280, 1284 (1985); *Johnson v. State*, 447 N.E.2d 1072, 1075–76 (Ind. 1983). *But see State v. Slade*, 291 N.C. 275, 229 S.E.2d 921, 927 (1976) (where sentence is within statutory limits, the punishment actually imposed by the trial court is a discretionary matter); *Awkard v. Commonwealth*, 21 Va.App. 40, 461 S.E.2d 419, 420 (1995) (same).

**13.** If this Court were to adopt the *per se* rule applied by the Superior Court below, it would have the far-reaching effect of denying all future

more, because our General Assembly has chosen to preclude this Court from reviewing most claims challenging the discretionary aspects of sentencing, it is all the more crucial that defendants receive at least one opportunity to receive appellate review of sentences that raise a substantial question under § 9781(b).[14] *See Commonwealth v. Smart*, 387 Pa.Su-

challengers like Appellant the opportunity to establish that the trial court abused its discretion because any such claim would automatically be dismissed, without review on the merits, for failing to raise a substantial issue as a matter of law. In fact, this *per se* rule would preclude an appellate court from even considering whether an appellant's 2119(f) statement raised a substantial question for appellate review, and would simply require dismissal as a matter of course.

Moreover, in arguing that the Superior Court properly applied this *per se* rule, the Commonwealth attempts to have it both ways. The Commonwealth wants appellate review when it believes the trial court has imposed a sentence that is *less* than what the statutory Guidelines recommend, but wants this Court to prohibit appellate review of a defendant's claim that his sentence, though within the statutory limits, is *more* that what the Guidelines recommend. *See, e.g., Smith*, 673 A.2d at 896 (in challenging the trial court's imposition of an unreasonably "lenient" sentence, the Commonwealth argued that "if a sentence improperly deviates from the established guidelines, the sentence must be vacated"). A defendant, however, shares an equal right to demand that a trial court properly consider the Sentencing Guidelines and impose a reasonable sentence. Indeed, just as the Superior Court properly grants review of sentences wherein the Commonwealth raises a substantial question regarding the trial court's exercise of its discretion in imposing a sentence that was more lenient than that recommended by the Sentencing Guidelines, *see, e.g., Commonwealth v. Childs*, 445 Pa.Super. 32, 664 A.2d 994, 996 (1995) (citing cases), defendants should have the same opportunity for appellate review of an appeal from a discretionary aspect of sentencing if they establish that their challenge involves a substantial question suitable for appellate review.

**14.** The Commonwealth argues that the Superior Court *did* conduct appellate review when it applied the *per se* rule and dismissed Appellant's claim because he failed to make out a prima facie case showing an abuse of discretion. However, the Commonwealth's broad view of what constitutes appellate review is contrary to case law, the plain language of § 9781, and our Rules of Appellate Procedure.

This Court has made clear that there are two distinct levels of a challenge to the discretionary aspects of sentencing: (1) raising a substantial question and (2) arguing the merits of the challenge. *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17, 18 (1987). Section 9781(b) "merely requires an appellant to indicate how the trial court abused its discretion *before the appellate court will consider the merits* of his contentions as to the discretionary aspects of his sentence." *Com-*

per. 518, 564 A.2d 512, 514 (1989) (appellate review of sentencing "would become a mockery and a sham if all sentences were routinely affirmed under the guise of discretion of the trial court").

▮ If an appellant, like Appellant here, complies with all statutory and procedural requirements regarding a challenge to the discretionary aspects of sentencing, and articulates in his Rule 2119(f) statement a substantial question so as to warrant appellate review, § 9781 requires the Superior Court to review the manner in which the trial court exercised its discretion. This does not mean, however, that the Superior Court must accept bald allegations of excessiveness. Rather, only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process, will such a statement be deemed adequate to raise a substantial question so as to permit a grant of allowance of appeal of the discretionary aspects of the sentence. *See Koehler,* 737 A.2d at 244 (party must articulate why sentence raises doubts that sentence was improper under the Sentencing Code); *Saranchak,* 675 A.2d at 277 n. 18 ("Appellant must, at a minimum, explain specifically why he thinks his sentences were improper"); *Goggins,* 748 A.2d at 727 (appellant need only make a *plausible* argument that a sentence is contrary to the Sentencing Code or the fundamental norms underlying the sentencing process).

*monwealth v. McFarlin,* 402 Pa.Super. 502, 587 A.2d 732, 735 (1991) (emphasis added). This first level of review is further clarified in Pa.R.A.P. 2119(f), which requires appellants to include in their brief a separate "concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence," which "shall immediately precede *the argument on the merits.*" Pa.R.A.P. 2119(f) (emphasis added); *see also In the Interest of M.W.,* 725 A.2d at 731 (appellate court decides *whether to review* the discretionary portions of a sentence by reviewing the Rule 2119(f) statement). Thus, the Superior Court's dismissal of Appellant's claim in this case by concluding that he had failed to raise a substantial question under § 9781(b) simply did not constitute appellate review on the merits.

Based on the above, we conclude that the Superior Court erred in finding that Appellant's excessiveness challenge failed to raise a substantial question as a matter of law because his sentence was within the statutory limits.[15] Thus, we reverse the order of the Superior Court and remand this case to the Superior Court for proceedings consistent with this opinion.

Justice NEWMAN and Justice SAYLOR concur in the result.

Justice CASTILLE files a dissenting opinion.

Justice EAKIN files a dissenting opinion in which Justice CASTILLE joins.

Justice CASTILLE, dissenting.

I join the Dissenting Opinion of Mr. Justice Eakin, but write separately to address some additional points.

Like Justice Eakin, I have no quarrel with the lead opinion's comprehensive description of the workings of the Sentencing Code and the availability of appellate review of discretionary sentencing decisions. I also agree with the lead opinion that a claim that a sentence is excessive, but which falls within the statutory maximum allowable for the crime at issue is not categorically barred from appellate review under the Sentencing Code. Having said that, however, I agree with Justice Eakin that merely invoking the term "excessive sentence" or "manifestly excessive sentence" does not raise a substantial question that there was an unreasonable application of governing sentencing precepts in a particular sentence. Where, as in

15. Appellant argues that § 9781 unconstitutionally violates his, and all appellants', right to appeal an unreasonably harsh and excessive sentence. *See* Pa. Const. art. V, § 9 ("There shall be a right of appeal in all cases ... from a court of record ... to an appellate court...."). However, given our conclusion that the Superior Court erred in concluding that, as a matter of law under § 9781(b), an appellate court *cannot* consider an excessiveness claim where the sentence is within the statutory limits, there is no need to reach Appellant's constitutional claim. *See P.J.S. v. Pennsylvania State Ethics Comm'n,* 555 Pa. 149, 723 A.2d 174, 176 (1999) ("a court should not reach the constitutional issue if the case can properly be decided on non-constitutional grounds").

the case *sub judice,* the Superior Court determines that an excessive sentencing claim is mere boilerplate and thereby fails to raise a substantial question, I do not believe there has been a denial of the right to appeal an alleged excessive sentence. Instead, there has been a failure to identify a specific claim qualifying for review in an area where, by necessity, deference must be accorded the sentencing judge's exercise of discretion.

In the late 1980s, two decisions from this Court—*Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987) and *Commonwealth v. Devers,* 519 Pa. 88, 546 A.2d 12 (1988)—had the effect of significantly restricting review of discretionary sentencing decisions. In the years since those cases were decided, the Superior Court has had much practical experience in implementing the holdings of those cases and the statutory framework they effectuate, *i.e.,* in identifying what sort of showing is necessary to demonstrate a substantial question that discretion was abused, as is required to warrant an appeal under 42 Pa.C.S. § 9781(b). The doctrine of *res ipsa loquitur* does not apply in the sentencing arena. A mere allegation of excessiveness, no less than a mere allegation of unreasonable sentencing leniency made by the Commonwealth, is not self-proving. A "substantial" question exists only where the defendant or the Commonwealth actually offers to prove the manner in which, on the facts of an individual case, the sentence was in fact unreasonable under the Sentencing Code guidelines. If a sentence is so obviously excessive, it should not be too difficult to explain why that is so. Appellant failed to do so here.

The fact that the sentencing court in the case *sub judice* imposed some maximum, consecutive sentences, and the fact that the overall scheme effectively amounts to a life sentence does not, in my mind, automatically raise a substantial question that the sentence was unreasonable under the Code. Appellant played an active role in three separate gunpoint robberies of business establishments, conducted with conspirators. In each case, there were multiple victims. People who commit multiple violent felonies against many separate victims

run a very real and deserved risk of lengthy incarceration without there being anything remotely unreasonable about it. As the sentencing court noted, on the eight robbery convictions and three criminal conspiracy convictions alone, appellant faced a possible maximum sentence—if all sentences were the maximum statutorily allowable and they were all imposed consecutively—of 110 to 220 years. Appellant did not receive anywhere near that "maximum allowable sentence."

Although the overall sentence here has the effect of being a life term, no one component sentence was unlawful. Rather, as is often the case, it is the cumulation of sentences consecutively imposed which leads to appellant's complaint of excessiveness. But appellant is not entitled to a volume discount for his many violent crimes. There were three separate episodes here and eight separate robbery victims—not to mention the other persons present and threatened by the conspiracies. Each life—whether taken, or whether threatened at gunpoint, as here—has individual value. There is a reason why crimes such as armed robbery are graded as felonies of the first degree, the highest designation short of murder. In short, although appellant received a substantial sentence, it must be remembered that he committed a significant amount of serious crime. In my view, the length of the overall sentence alone does not automatically raise a substantial question.

I have an additional concern with the lead opinion. The claim actually briefed on appeal, and the issue upon which this Court actually granted review, involves appellant's constitutional challenge to 42 Pa.C.S. § 9781(b). The lead skirts that issue, *see* Op. at 628 n. 15, and instead raises and decides an issue premised upon the validity of Superior Court's alleged *per se* construction of § 9781 as barring claims of sentence excessiveness. If the lead is correct in its view that the Superior Court was merely applying a long line of precedents holding that "a claim of excessiveness that is raised against a sentence within the statutory limits fails to raise a substantial question as a matter of law," *see* Op. at 623 & n. 9 (collecting cases), then appellant obviously could have presented a claim

in Superior Court that that authority erroneously construed § 9781(b)—which is the claim the lead now finds meritorious. But appellant did not raise such a claim. Instead, appellant apparently believes that it is § 9781(b) itself that categorically bars his claim, and he claims it is unconstitutional for doing so. Appellant's constitutional challenge fails because it is *he* who misconstrues § 9781(b) as barring sentencing excessiveness claims. And, because I agree with Justice Eakin that the Superior Court—which has had far more experience with evaluating the requirements of § 9781(b) and Rule 2119(b) than we have had—does not misapprehend the workings of the Sentencing Code in this regard, the issue the court addresses *sua sponte* fails.

Although I respectfully disagree with the lead opinion's assumption that the Superior Court applies a *per se* rule of non-reviewability, and I disagree with the Court's mandate, I reiterate that I entirely agree with the lead opinion's analysis of the general availability of appellate review of discretionary sentencing issues. If we were in the business of issuing advisory or supervisory opinions, I would join those astute observations in a heartbeat. My disagreement arises only from my understanding of Superior Court precedent and the facts and posture of this case.

Justice EAKIN, dissenting.

The majority states the Superior Court relies on cases that hold "a claim of excessiveness that is raised against a sentence within the statutory limits fails to raise a substantial question as a matter of law." Proposed Opinion, at 623. I do not think that is the holding below, and therefore must offer my dissent.

Neither this case nor other Superior Court jurisprudence holds that every sentence within the statutory maximum is unreviewable. It holds that if the discretionary aspects of a sentence are to be reviewed (i.e., a substantial question about the sentence has been raised), one must in fact offer some specificity. Pa.R.A.P. 2119(f); *see also Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa.Super.1999)("We will be inclined to recognize a substantial question where an appellant ad-

vances a colorable argument that the trial court's actions are inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms which underlie the sentencing process"). *Commonwealth v. Dungan,* 372 Pa.Super. 323, 539 A.2d 817, 826 (1988) ("[W]e must determine whether appellant has presented a suitable 'statement of question' by *brief reasons* indicating a 'substantial question' exists...." ) (emphasis is added; citation omitted). Merely alleging the sentence was "manifestly excessive" or referring to the "magnitude of digression" from the guidelines, is near to boilerplate. *See Commonwealth v. Saranchak,* 544 Pa. 158, 675 A.2d 268, 277 (1996)(emphasis added) ("Appellant's boilerplate assertion that he should be resentenced simply because the trial court sentenced him outside the Sentencing Guidelines *without more* does not present a substantial question"); *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17, 20 (1987)("It is only where a party can articulate reasons why a particular sentence raises doubts that this scheme as a whole has been compromised [sentencing guidelines] that the appellate court should review the matter...." ); *Commonwealth v. Lutes,* 793 A.2d 949, 964 (Pa.Super.2002)(emphasis added) ("[A] *bald allegation* that a sentence is excessive does not raise a substantial question"). That is all appellant's Rule 2119(f) statement does. Referring to "all the circumstances" is not to enumerate those circumstances or explain why they give reason to undo the sound discretion of the sentencing court. This is conclusion, not explanation.

The obligation lies with the challenging party to say why that sentence is manifestly excessive—failure to do so is failure to raise a substantial question. Accordingly, while my colleagues offer an analysis with which I cannot disagree, I believe there is a misapprehension of the Superior Court's decision.

Justice CASTILLE joins this dissenting opinion.