# Commonwealth v. Calhoun

*Susan Moyer, asststant district attorney,* for Commonwealth.

*Vincent J. Quinn,* for defendant.

ASHWORTH, *J.,* November 30, 2009—Randy A. Calhoun has filed a direct appeal to the Superior Court of Pennsylvania from his judgment of sentence imposed on December 13, 2007, as finalized by the court's denial of his post-sentence motion to modify sentence nunc pro tunc on October 27, 2009.

## I. BACKGROUND

On February 13, 2006, appellant was arrested and charged with simple assault, terroristic threats, harassment and recklessly endangering another person.[1] The victim of these offenses was appellant's wife, Karen Calhoun, and their two children. These charges were docketed to Information no. 873-2006. On June 12, 2006, appellant pleaded guilty to all charges and immediately stood for sentencing. The Honorable Paul K. Allison sentenced appellant to 11 1/2 to 23 months incarceration in the Lancaster County Prison, plus three years probation. Appellant's minimum sentence date was January 28, 2007 and his maximum sentence date was January 13, 2008. As a condition of the sentence, appellant was ordered to have no contact with his estranged wife, including through third parties.

Between August 15, 2006 and September 17, 2006, appellant used the Lancaster County Prison monitored

---

1. 18 Pa.C.S. §2701, 18 Pa.C.S. §2706(a)(1), 18 Pa.C.S. §2709 and 18 Pa.C.S. §2705, respectively.

telephone system to contact his mother, Ann Calhoun. Appellant made 26 threatening calls to his mother in South Carolina and further used his mother as a third-party contact and had his mother conveying threatening messages to his ex-wife. As a result, appellant was charged, while in prison, with stalking and terroristic threats.[2] These new charges were docketed to Information no. 5853-2006.

Appellant was arraigned on the new charges on November 15, 2006. In anticipation of entering a guilty plea to the charges, appellant received an order on August 1, 2007, for a court-appointed psychological evaluation to address questions of appellant's competence and to aid in preparation of his guilty plea and sentencing.

On October 1, 2007, appellant tendered a straight guilty plea to these charges. After conducting an on-the-record colloquy, this court accepted the guilty plea and sentencing was deferred pending completion of a pre-sentence investigation report. (N.T., guilty plea at 15.)

On December 13, 2007, appellant was sentenced to one and one-half years to seven years in the state correctional institution on the stalking charge and six to 23 months on the terroristic threats charge. These sentences were concurrent to one another but consecutive to appellant's other sentence imposed on no. 873-2006. Appellant was represented at the guilty plea hearing and the sentencing hearing by court-appointed counsel, Mark F. Walmer, Esquire.

A timely post-sentence motion was filed on December 21, 2007, in which appellant sought to modify his sen-

---

2. 18 Pa.C.S. §2709.1(a)(1) and 18 Pa.C.S. §2706(a)(1), respectively.

tence to include certain time credit. On January 3, 2008, appellant filed an amended post-sentence motion in which he restated his claim for certain time credit but also included a motion to withdraw his guilty plea nunc pro tunc for the following reasons: (1) he was not advised of his rights adequately at either his guilty plea or sentencing hearings; (2) he was not aware that he was pleading guilty without a plea agreement; (3) he thought the most he could receive as a sentence was one to two years; (4) he did not understand the sentencing guidelines; and (5) he maintained his actual innocence on the underlying charges. (See appellant's "amended post-sentence motions" at ¶13.)

As a result of these assertions and other issues raised by appellant, defense counsel included in the amended post-sentence motion a request for leave to withdraw so that new counsel could be appointed to address his effectiveness. (See appellant's "amended post-sentence motions" at ¶13.) On February 5, 2008, the motion for leave to withdraw and appoint new appellate counsel was granted; the requests to modify sentence and withdraw guilty plea were denied.[3] New counsel was not appointed, however, and no direct appeal was filed by appellant.

On June 22, 2009, appellant, acting pro se, filed a "motion for reconsideration of sentence nunc pro tunc," which this court treated as a petition under the Post Con-

---

3. There was, however, an ongoing dialogue regarding appellant's time credit on the sentence at no. 5853-2006. On January 15, 2008, defense counsel and the assistant district attorney first met in my chambers to discuss this issue. It was not finally resolved until August 20, 2008.

viction Relief Act (PCRA), 42 Pa.C.S. §§9541-46.[4] Pursuant to Rule 904(A) of the Pennsylvania Rules of Criminal Procedure, Vincent J. Quinn, Esquire, was appointed to represent Calhoun on his collateral claims and directed to file an amended petition on or before August 24, 2009. However, after a thorough review of the record in this matter and after consultation with counsel, this court determined that appellant was entitled to relief and that an amended petition need not be filed. Accordingly, on September 9, 2009, Randy Calhoun's petition for post-conviction collateral relief was granted, his appeal rights were reinstated nunc pro tunc and he was given 60 days to file a post-sentence motion.

Appellant's post-sentence motion to modify sentence nunc pro tunc was timely filed on October 7, 2009, in which he challenged the discretionary aspects of his sentence. This motion was denied by order dated October 27, 2009. A timely appeal to the Superior Court of Pennsylvania was filed on November 2, 2009.

Pursuant to this court's directive, appellant furnished a statement of errors complained of on appeal which raised the following issues: (1) whether the imposition of one and one-half years to seven years in the state correctional institution on the stalking charge was excessive and unreasonable; (2) whether, in imposing the sentence,

---

4. It is well-settled that "the PCRA provides the sole means for obtaining collateral review, and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." *Commonwealth v. Fowler,* 930 A.2d 586, 591 (Pa. Super. 2007) (quoting *Commonwealth v. Johnson,* 803 A.2d 1291, 1293 (Pa. Super. 2002)). See also, *Commonwealth v. Evans,* 866 A.2d 442 (Pa. Super. 2005) (concluding motion for reconsideration or modification of sentence required treatment under the PCRA).

the court focused exclusively on "the serious nature of the offense and the victim's articulation of fear and effectively ignored the fact that the appellant had been happily married for a number of years and had been gainfully employed within the community"; (3) whether the imposition of a sentence of one and one-half years to seven years was manifestly unreasonable given the nature and circumstances of the offense and the history and characteristics of the appellant; (4) whether the imposition of a sentence of one and one-half years to seven years violated the Sentencing Code's provision that any sentence imposed should be "consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant," 42 Pa.C.S. §9721(b); and (5) whether the imposition of a minimum sentence of one and one-half years incarceration together with a maximum sentence of seven years, which is the maximum sentence which can be provided for by law, was manifestly excessive, extraordinarily severe and a manifest abuse of discretion. (See appellant's statement of errors at ¶4.)

## II. DISCUSSION

Appellant's issues relate solely to his sentencing. Appellant does not dispute that the sentence imposed was legislatively permitted.[5] With these issues, appellant is

---

5. It is well-established that a sentencing court can impose a sentence that is the maximum period authorized by the statute. 42 Pa.C.S. §9756(a). Here, appellant was found guilty of one count of stalking, which is graded as a felony in the third degree. A person convicted of such a crime may be sentenced to imprisonment for not more than seven years. See 18 Pa.C.S. §1103(3). Appellant's sentence of one and one-half years to seven years did not exceed the statutory maximum.

challenging the discretionary aspect of his sentencing. *Commonwealth v. Hartman,* 908 A.2d 316, 319 (Pa. Super. 2006). Such challenges must be raised in a post-sentence motion or during the sentencing proceedings, or they are waived. *Commonwealth v. Watson,* 835 A.2d 786, 791 (Pa. Super. 2003). See also, Pa.R.A.P. 302(a). Appellant did raise these claims in his motion to modify sentence; therefore, these claims are preserved for appeal.

However, even when the discretionary aspects of a sentence are properly challenged, there is no automatic right to appeal. Our Superior Court in *Commonwealth v. Hornaman,* 920 A.2d 1282 (Pa. Super. 2007), recently reiterated the standard of review with respect to discretionary aspects of a criminal sentence:

"In order for an appellant to challenge the discretionary aspects of his sentence, he must first 'set forth in his brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence.' Pa.R.A.P. 2119(f). Second, the appellant must show 'that there is a substantial question that the sentence is not appropriate under the Sentencing Code.' . . . See also, 42 Pa.C.S. §9781(b). Moreover, '[w]hether a substantial question has been raised is determined on a case by case basis.' . . . Also, 'we will be inclined to allow an appeal where an appellant advances a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.' . . ." *Id.* at 1284. (citations omitted)

Only then do the facts require a grant of allowance of appeal of the discretionary aspects of the sentence.

In this case, appellant has filed with this court a timely statement of matters complained of on appeal in which he raises discretionary aspect of sentence claims. We will assume for purposes of this appeal that appellant will likewise satisfy the requirements of Pa.R.A.P. 2119(f) by filing a separate statement with the Superior Court. Additionally, our Supreme Court held in *Commonwealth v. Mouzon,* 571 Pa. 419, 435, 812 A.2d 617, 627 (2002) (plurality), that a claim that a sentence, which is within the statutory limits, is excessive can raise a substantial question. However, the court cautioned:

"This does not mean, however, that the Superior Court must accept bald allegations of excessiveness. Rather, only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process, will such a statement be deemed adequate to raise a substantial question so as to permit a grant of allowance of appeal of the discretionary aspects of the sentence." *Id.*

In his Rule 1925 statement, appellant generally avers that his sentence is "manifestly excessive, extraordinarily severe and a manifest abuse of discretion." (See statement of errors at ¶4(e).) Appellant, however, does allege at paragraph 4(d) of the statement that the court imposed a sentence in violation of a particular provision of the Sentencing Code. Specifically, Calhoun has averred that, in view of the various mitigating circum-

stances which were developed on behalf of appellant at sentencing and in his motion to modify sentence, a sentence of one and one-half to seven years incarceration was not "consistent with the protection of the public, the gravity of the offenses, and the rehabilitative needs of the criminal defendant," as required by 42 Pa.C.S. §9721(b).[6] Thus, as appellant has challenged his sentence imposed under 42 Pa.C.S. §9721(b), which is a specific provision of the Sentencing Code, he has raised a substantial question on appeal and we will address the merits of appellant's discretionary aspect of sentence claim. See *Commonwealth v. Walls,* 592 Pa. 557, 926 A.2d 957 (2007). See also, *Commonwealth v. Fullin,* 892 A.2d 843, 847 (Pa. Super. 2006) (where appellant claims trial court failed to consider the factors set forth in 42 Pa.C.S. §9721(b), substantial question has been raised for appellate review).

We begin by noting that sentencing is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Commonwealth v. Tirado,* 870 A.2d 362, 366 (Pa. Super. 2005). An abuse of discretion is more than an error in judgment. A sentencing court has not abused its discretion "unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill will." *Walls,* 592 Pa. at 564, 926 A.2d at 961 (quoting

---

6. Section 9721(b) provides in pertinent part:

"In selecting from the alternatives set forth for subsection (a) the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. . . ." 42 Pa.C.S. §9721(b).

*Commonwealth v. Smith,* 543 Pa. 566, 571, 673 A.2d 893, 895 (1996)).

In considering whether a sentence was unreasonable the appellate court must give great weight to the sentencing judge's discretion, as he or she is in "the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Walls,* 592 Pa. at 565, 926 A.2d at 961 (quoting *Commonwealth v. Ward,* 524 Pa. 48, 52, 568 A.2d 1242, 1243 (1990). See also, *Commonwealth v. Ellis,* 700 A.2d 948, 958 (Pa. Super. 1997) (noting that the sentencing court is in the best position to measure various factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance or indifference).

A sentence will not be disturbed where it is evident that the sentencing court was aware of the sentencing considerations and weighed the considerations in a meaningful fashion. *Commonwealth v. Cappellini,* 456 Pa. Super. 498, 513, 690 A.2d 1220, 1228 (1997). Moreover, where the court's sentencing colloquy "shows consideration of the defendant's circumstances, prior criminal record, personal characteristics and rehabilitative potential, and the record indicates that the court had the benefit of the presentence report, an adequate statement of the reasons for the sentence imposed has been given." *Commonwealth v. Brown,* 741 A.2d 726, 735-36 (Pa. Super. 1999) (quoting *Commonwealth v. Phillips,* 411 Pa. Super. 329, 344, 601 A.2d 816, 823-24 (1992)).

In this case, it is clear that in fashioning appellant's sentence the court considered the individual circum-

stances concerning appellant and particularly any mitigating factors. See 42 Pa.C.S. §9781(d). As noted at the sentencing hearing, the court carefully considered the following factors: appellant's age (47); his family history, including a physically abusive father; his educational background; his established employment history; his extensive prior criminal record beginning in 1988; his substance abuse history, starting with his use of marijuana at the age of 17, alcohol at 18, cocaine in his late 20s, and prescription pain medications in his early 30s; his mental health, which includes a diagnosis of bi-polar disorder, depression ADHD and polysubstance abuse; his 14-year marriage; and his rehabilitative needs. (N.T., sentencing at 9-10.)

It is clear from the record that this court carefully considered the entire presentence investigation report. As our Superior Court noted:

"Since the sentencing court had and considered a presentence report, this fact alone was adequate to support the sentence, and due to the court's explicit reliance on that report, we are required to presume that the court properly weighed the mitigating factors present in the case. . . . 'In imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

. . .'"" *Commonwealth v. Fowler,* 893 A.2d 758, 766-67 (Pa. Super. 2006). (citations omitted)

As our Supreme Court explained: "It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand." *Commonwealth v. Devers,* 519 Pa. 88, 102, 546 A.2d 12, 18 (1988).

The court was well aware of *all* of the evidence presented by appellant on his behalf in support of mitigation. However, the court had to balance carefully this mitigating evidence against appellant's risk to his family and others in the community, which it did. On balance, the seriousness of the offense and the risk of harm to others coupled with appellant's attitude towards the offenses vastly outweighed any mitigating evidence.

In rejecting appellant's request for immediate release from prison and counseling in an outpatient setting, the court emphasized appellant's need for treatment in a more controlled environment:

"Mr. Calhoun, what you are asking of me is to take a gamble. To take a risk to see if, perhaps, you have chosen to change your behavior in the way that you interact and treat other people. A risk that if I am wrong could result in very serious consequences.

"At the moment, unless and until you demonstrate in a controlled environment that you choose to change your behavior, I'm not prepared to take that risk. That is not to say at some point in the future you will not be given the opportunity to demonstrate it in a less controlled environment, until I'm satisfied or until the authorities

involved are satisfied, following an extensive psychiatric evaluation and following treatment. But I note, I have reviewed the psychiatric evaluations. There is very little in the way of ongoing treatment from the time of these offenses. You are on medication but you have been incarcerated and simply haven't established enough of a track record, for my satisfaction, to demonstrate you are not a risk to others.

". . . I want to make sure any treatment that you get is in a controlled environment, where you don't have the opportunity to run away. . . .

"Mr. Calhoun, before I am prepared to take the risk of you injuring yourself and others in the process, I want to make sure you have additional treatment. And that you have an opportunity to demonstrate in an environment where you can't run away and can't just go off and do what you want to do. Transitional living is important and it is critical, but transitional living is only for certain individuals at a given time in their rehabilitation or incarceration process. And at this time I do not believe it is suitable.

". . . The way the state system is established now . . . [t]here are outstanding programs that are available that also provide for transitional living. There are outstanding programs that didn't exist three or four years ago, where you have transitional living of the type recommended by your attorney. Those transitional living facilities are available when the people who have had an opportunity to evaluate prisoners are satisfied they are ready for it. At the moment I'm not satisfied you are ready for it." (N.T., sentencing at 29-32.)

Appellant was made eligible for and encouraged to participate in all available psychiatric and psychological programs, as well as any drug and alcohol programs in the state correctional system. (*Id.* at 33-34.) As the court noted: "Whether you realize it or not, the sentence I imposed here today is intended to help you and not just punish you. It is intended to get your life back on track." (*Id.* at 34.) Clearly, the court carefully considered all of the evidence in the presentence investigation report, as well as the evidence presented by appellant on his behalf in support of mitigation.

In addition to the presentence investigation report, the court also took into consideration the victim's letter and statement to the court (*id.* at 3-6), appellant's statement to the court (*id.* at 24-26), what defense counsel had to say on behalf of appellant (*id.* at 13-23), and what the prosecutor had to say on behalf of the Commonwealth (*id.* at 8-13, 26), as well as the provisions of the Sentencing Code, the authorized penalties and the circumstances of the offenses.

Moreover, the court carefully considered the sentencing guidelines in determining the time of incarceration for this appellant's offenses. Here, appellant pleaded guilty to stalking, a felony in the third degree. A person convicted of such crimes may be sentenced to imprisonment for not more than seven years. 18 Pa.C.S. §1103(3). Appellant's sentence of one and one-half to seven years did not exceed the statutory maximum. Nor were any of the individual sentences outside the standard guidelines.

Appellant cannot point to any factor that was not brought to the attention of this court either during the

guilty plea hearing, in the presentence investigation report, or at the sentencing hearing. To the contrary, the record as a whole demonstrates that the court provided sufficient reasons for its sentence and in fashioning the sentence the court clearly considered all of the individual circumstances concerning appellant and the crimes he committed.

Thus, the assertion that appellant's sentence is "unreasonable" is without any support in the record or the facts of this case. The judgment exercised in this case was neither manifestly unreasonable, nor the result of partiality, prejudice, bias or ill will, and, as such, the court did not abuse its discretion. See *Mouzon,* 571 Pa. at 430-31, 812 A.2d at 625.

### III. CONCLUSION

For the reasons set forth above, appellant Randy A. Calhoun's issues on appeal are meritless and it is respectfully suggested that his appeal should be dismissed and his judgment of sentence affirmed.

Accordingly, we enter the following:

### ORDER

And now, November 30, 2009, the court hereby submits this opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure.