J-S14011-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHRIS ALLAN WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1115 WDA 2021 |

Appeal from the Judgment of Sentence Entered August 5, 2021
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0001367-2019

BEFORE:   McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED: JULY 15, 2022**

Chris Allan Williams appeals from the judgment of sentence entered following his convictions for simple assault, recklessly endangering another person, misdemeanor disorderly conduct, summary disorderly conduct, and summary harassment.[1] Williams challenges the discretionary aspects of his sentence. We affirm.

The trial court summarized the facts of this case as follows:

> The testimony at trial developed the following facts. At approximately 9:50 P.M. on March 23, 2019, [Williams], his wife, and a friend attended a movie at the Regal Crown Theater in North Franklin Township, Washington County, Pennsylvania. Anthony Ward, Lamar Wormsley, and four other boys also attended the same showing that evening. All of the boys were juveniles at the time of the incident.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2701(a)(2), 2701(a)(1), 2705, 5503(a)(1), and 2709(a)(1), respectively.

During the film, [Williams] became irritated with the group of six boys, because he felt that the boys were being disruptive. During the movie, [Williams] shouted at the group of boys to "[s]hut the fuck up." Following a reply from the group of boys, [Williams] left his seat and confronted the group. During the confrontation in the theater, [Williams] punched Lamar Wormsley, injuring his lip. Following this punch, a larger physical altercation ensued between [Williams] and the group of juveniles. Multiple witnesses testified at trial that [Williams] instigated the confrontation. Following the altercation in the theater, the boys exited to the hallway, and [Williams] followed. In the hallway, [Williams] escalated the situation. He produced a pistol and fired a shot, injuring Anthony Ward's knee in the process. Constable Thomas Duncan (working security for the theater) intervened and disarmed [Williams]. Anthony Ward required transportation to a hospital in Pittsburgh via Life Flight helicopter. Ward sustained serious injuries to his knee and required surgery. Doctors performed surgery to remove the bullet from Ward. Pennsylvania State Police accompanied [Williams] to a hospital but did not place him into custody. [Williams] turned himself and was arraigned, whereupon he was released on unsecured bail. The Commonwealth offered the testimony of two expert witnesses during trial. Jared Hiester, a forensic analyst from the Pennsylvania State Police, testified as an expert in DNA analysis. Jared Hiester testified that [Williams] actually used the gun based on DNA evidence found on the gun's handgrip. Corporal Creighton Callas of the Pennsylvania State Police, an expert in firearms and toolmarks analysis, testified that it was unlikely that [William's] gun discharged accidentally.

Trial Court Opinion, Oct. 28, 2021, at 4-5 (citations to record omitted).

A jury found Williams guilty of two counts of simple assault and one count each of REAP and disorderly conduct.[2] The trial court found him guilty of the summary offenses of harassment and disorderly conduct. The trial court

---

[2] The jury found Williams not guilty of aggravated assault and terroristic threats.

imposed the following sentences: four to 12 months for the first simple assault conviction; six to 18 months for the second simple assault conviction; nine to 18 months for the REAP conviction; and five to 12 months for the disorderly conduct conviction. It imposed no further penalty for the summary offenses. The court ordered that the sentences run consecutive to each other, for an aggregate sentence of two to five years' imprisonment.

Williams filed a post-sentence motion, claiming the court failed to recognize mitigating factors and cited improper aggravating factors when imposing an excessive sentence; the court erred in using the weapon enhancement; the court did not consider the particular circumstances of the defendant; and the court erroneously applied aggravating circumstances. The court denied the motion. Williams filed a timely notice of appeal.

Williams raises the following issues:

> 1. Did the trial court abuse its discretion by imposing a manifestly excessive sentence?
>
> 2. Did the trial court fail to place adequate reasons on the record for imposing such an excessive sentence?
>
> 3. Did the trial court far exceed the maximum range as provided in the Pennsylvania Sentencing Guidelines?

Williams' Br. at 4 (suggested answers omitted).

Williams' issues go to the discretionary aspects of his sentence, for which there is no automatic right to appellate review. *Commonwealth v. Banks*, 198 A.3d 391, 401 (Pa.Super. 2018). A defendant may obtain appellate review of discretionary aspects of sentence only if: (1) the appeal is

timely; (2) the defendant preserved the issues below; (3) the defendant has included in the brief to this Court a Pa.R.A.P. 2119(f) concise statement of reasons relied upon for allowance of appeal; and (4) the Rule 2119(f) statement raises a substantial question that the sentence is not appropriate under the Sentencing Code or is contrary to fundamental sentencing norms. *Id.*; Pa.R.A.P. 2119(f). *See also Banks*, 198 A.3d at 401. We make the substantial-question determination based solely on the contents of the Rule 2119(f) statement. *Commonwealth v. Mouzon*, 812 A.2d 617, 621-22 (Pa. 2002). Only if the appellant has raised a substantial question may we turn to the merits of the sentencing claims. *See id.*

In his Rule 2119(f) statement, Williams alleges the trial court improperly applied the sentencing matrixes. For the first simple assault conviction, Williams maintains the Sentencing Guidelines' range was restorative sanctions to one month incarceration, with the aggravated range adding an additional three months. He asserts the sentence of four to 12 months "exceeds the maximum penalty that is permitted and is therefore improper." Williams' Br. at 12. He makes similar claims for the remaining sentences, claiming each "exceeds the maximum penalty and is therefore improper." *Id.* at 13. Williams' Rule 2119(f) statement also challenges the imposition of consecutive sentences. He claims that the sentences for counts five and seven should have been concurrent "as they were charged for the same incident with Mr. Wormsley in the theater seats," and sentences for counts four and six should

have been concurrent "since they arose from the same incident with Mr. Ward in the hallway." *Id.* at 14.

Although his appeal was timely, Williams did not preserve the claims he asserts in his Rule 2119(f) statement, either at his sentencing hearing or in his post-sentence motion. These claims are therefore waived. *See* ***Commonwealth v. Lamonda***, 52 A.3d 365, 371 (Pa.Super. 2012) (*en banc*) ("Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceeding") (citation omitted); Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal").

Furthermore, his challenge to imposition of consecutive sentences does not raise a substantial question. A sentencing court has discretion to run sentences consecutively, and "a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question." ***Commonwealth v. Dodge***, 77 A.3d. 1263, 1270 (Pa.Super. 2013). To raise a substantial question regarding consecutive, guidelines sentences, the appellant must articulate in the Rule 2119(f) statement that the sentence is clearly unreasonable and excessive on its face in light of the criminal conduct at issue in the case. *Id.* at 1269-70. Here, Williams' bald challenge to the imposition of consecutive sentences does not raise a substantial question.

Accordingly, because Williams failed to preserve his claims in the trial court and failed to raise a substantial question, we cannot review his claims.

And even if Williams had cleared these hurdles, we still could not review the claims in the Rule 2119(f) statement. Williams waived the claims by failing to put  them in the "Statement of Questions Involved" section of his brief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/15/2022