J-S38021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SALEEM PAUL ROBINSON | |
| Appellant | No. 1490 MDA 2014 |

Appeal from the Judgment of Sentence Entered July 30, 2014
In the Court of Common Pleas of the 39th Judicial District, Franklin County
Branch
Criminal Division at No: CP-28-CR-0001368-2013

BEFORE:  WECHT, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:              **FILED SEPTEMBER 25, 2015**

Appellant, Saleem Paul Robinson, appeals from the trial court's July 20, 2014 judgment of sentence imposing 36 to 96 months of incarceration for robbery.  We affirm.

At the conclusion of a March 7, 2014 trial, the jury found Appellant guilty of conspiracy, robbery, forgery, identity theft, simple assault and access device fraud.[1]  On May 16, 2014, the trial court imposed an aggregate 75 to 216 months of incarceration, including 60 to 120 months of incarceration for the robbery conviction.  Appellant filed a timely post-sentence motion challenging the robbery sentence as excessive.  On July 30,

---

[1] 18 Pa.C.S.A. §§ 903, 3701, 4101, 4120, 2701 and 4106, respectively.

J-S38021-15

2014 the trial court modified the robbery sentence to the aforementioned 36 to 96 months. Appellant filed a notice of appeal on September 4, 2014.[2] He raises a single issue for our review:

> Whether the sentencing court abused its discretion when it sentenced [Appellant] to 60 months to 120 months of incarceration […] upon conviction on a charge of robbery, the sentencing guidelines range for which was 6–14 months; and then upon motion for sentence modification, modified the sentencing order to 3 to 8 years, when the sentencing guideline range was 6–14 months?

Appellant's Brief at 7.

_____

[2] On September 26, 2014, this Court issued a rule to show cause why the appeal should not be quashed as having been taken from an order that has not been docketed in the trial court. On October 14, 2014, Appellant filed a response explaining that the trial court accidentally docketed the judgment of sentence at the wrong number. Appellant's response included copies of the trial court dockets evincing the error. On October 16, 2014, this Court issued another rule to show cause why the appeal should not be quashed as untimely, as Appellant filed his notice of appeal more than thirty days after the judgment of sentence in violation of Pa.R.A.P. 903(a). On October 31, 2014, Appellant filed a response explaining that he was unaware of the sentencing order because of the docketing error. It appears the trial court did not correct the docketing error until after Appellant filed his notice of appeal.

Pursuant to Rule 301(a)(1) of the Pennsylvania Rules of Appellate Procedure, "no order of court shall be appealable until it is entered upon the appropriate docket in the lower court." Pa.R.A.P. 301(a)(1). Since the trial court has remedied the docketing error, Rule 301(a)(1) provides no impediment to our jurisdiction. A premature appeal is perfected when the trial court subsequently enters the appropriate final appealable order. *Commonwealth v. Cooper*, 27 A.3d 994, 1007 (Pa. 2011). Moreover, we will not quash the appeal as untimely because the appeal period did not begin to run until the trial court remedied the docketing error.

- 2 -

Appellant presents a challenge to the discretionary aspects of his sentence. In order to obtain merits review of that issue from this Court, Appellant must (1) preserve the issue in a post-sentence motion; (2) file a timely notice of appeal; (3) include in his brief a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) present a substantial question that the sentence is inappropriate under the Sentencing Code. **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013), *appeal denied*, 76 A.3d 538 (Pa. 2013); **see** 42 Pa.C.S.A. § 9781(b).

We will not reach the merits of Appellant's argument because he has failed to raise a substantial question for review. Appellant's Pa.R.A.P. 2119(f) statement provides as follows: "Appellant believes there is a substantial question as to the appropriateness of his sentence as he was sentenced to not less than 36 months and no more than 96 months at SCI, when the standard guideline range was 6-14 months." Appellant's Brief at 10. A sentence above the guideline range does not, in and of itself, create a substantial question. To raise a substantial question, "a party must **articulate reasons** why a particular sentence raises doubts that the trial court did not properly consider [the] general guidelines provided by the legislature." **Commonwealth v. Mouzon**, 812 A.2d 617, 622 (Pa. 2002) (emphasis added). Appellant's Pa.R.A.P. 2119(f) statement fails to articulate any reasons why the trial court abused its discretion in sentencing

outside the guidelines. Nor does the 2119(f) statement articulate any other reason why the sentence is inappropriate under the Sentencing Code.

Since Appellant has failed to present a substantial question sufficient to warrant appellate review of his sentencing challenge, we cannot address the merits of his argument.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/25/2015