J-S16023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LARRY SHOWALTER, | |
| Appellant | No. 1049 WDA 2016 |

Appeal from the Judgment of Sentence entered June 22, 2016,
in the Court of Common Pleas of Bedford County,
Criminal Division, at No(s): CP-05-CR-0000132-2013.

BEFORE:  MOULTON, RANSOM, and PLATT,* JJ.

MEMORANDUM BY RANSOM, J.:                                    **FILED MAY 24, 2017**

Appellant Larry Showalter appeals from the judgment of sentence imposed on June 22, 2016.  We remand with instructions.

The pertinent facts and procedural history, as gleaned from our review of the certified record are as follows.  The multiple charges brought against Appellant stem from allegations made by his biological daughter that he raped her on multiple occasions when she was between the ages of 8 and 11.  On June 19, 2014, a jury convicted Appellant of two counts of rape of a child, two counts of involuntary deviate sexual intercourse (IDSI), two counts of aggravated indecent assault, two counts of incest, endangering the

_____
*Retired Senior Judge assigned to the Superior Court.

welfare children, corruption of minors, and three counts of indecent exposure.[1] Appellant was found not guilty of an additional fourteen charges. After an evidentiary hearing on September 24, 2014, the trial court designated Appellant a sexually violent predator and sentenced him to an aggregate term of 60-120 years of imprisonment.

Appellant timely filed an appeal to this Court, in which he asserted trial court error in its admission of hearsay statements made by the victim, as well as a challenge to the discretionary aspects of his sentence. Although we concluded that the trial court erred in admitting the statements as an excited utterance, we found the error harmless because the victim had already made the same statements in her own testimony at trial. We then raised *sua sponte* the issue of whether Appellant's sentence, which included the application of mandatory minimums, was illegal in light of the United States Supreme Court's decision in ***Alleyne v. United States***, 133 S.Ct. 2151 (2013), and subsequent Pennsylvania cases applying the ***Alleyne*** holding, including ***Commonwealth v. Wolfe***, 106 A.3d 800 (Pa. Super. 2014). Because these cases concluded that the application of the mandatory minimums were unconstitutional, we vacated and remanded for

---

[1] 18 Pa.C.S. §§ 3121(c), 3123(b), 3125(a)(7), 4302, 4304(a)(1), 6301(a)(i), and 3127(a), respectively.

resentencing. ***See Commonwealth v. Showalter***, 145 A.3d 770 (Pa. Super. 2016) (unpublished memorandum).

Upon remand, Appellant was resentenced on June 22, 2016, to an aggregate term of 56-120 years. The trial court denied Appellant's timely-filed motion for reconsideration of sentence. This appeal follows. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issue:

> I. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO AN AGGREGATE TERM OF 56 TO 120 YEARS?

Appellant's Brief at 6.

Although not styled as an ***Anders***[2] brief, counsel for Appellant essentially argues Appellant's sentencing claim is frivolous. According to counsel's assessment, Appellant is unable to establish that a substantial question exists as to the aggregate term imposed upon resentencing:

> Meeting the "substantial question" burden, in the undersigned counsel's experience and research is not a huge burden to meet. An [a]ppellant needs only to raise a "colorable argument" that a substantial question exists. [***Commonwealth v. Sierra***, 752 A.2d 910, 913 (Pa. Super. 2000)]. ***See Commonwealth v. Mouzon***, 812 A.2d 617, 624 (Pa. 2002). However, there must be something in the record to indicate that the burden can be met at least for review.
>
> In the instant case, a review of the record shows no evidence that the sentence was either inconsistent with a specific

---

[2] ***Anders v. California***, 386 U.S. 738 (1967).

provision of the Sentencing Code or contrary to the fundamental norms which underlie the sentencing process and even a "colorable argument" that a "substantial questions exists" cannot be raised.

[Appellant] in this case was being resentenced; and had already experienced getting sentenced to 60 years minimum in jail. At his resentencing, which is the subject of the instant appeal, [Appellant] himself did not even complain about his first sentence or state why it should be less.

Appellant's Brief at 12-13.

This is this sum total of counsel's analysis. When court-appointed appellate counsel determines that an appeal is wholly frivolous, he or she must file a petition to withdraw accompanied by an appellate brief that complies with the following:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. Super. 2009).

Here, counsel has done neither. In addition, we note that, in his prior appeal, Appellant did complain of the length of his aggregate sentence, but the issue was not reached by the panel due to its finding the sentence illegal. **See Showalter**, **supra**. Thus, we remand for preparation of a proper advocate brief addressing Appellant's sentencing issue as reproduced

above, or, if in counsel's assessment the appeal remains frivolous, a *Anders*/*Santiago* compliant brief accompanied by a petition to withdraw. The amended brief shall be submitted within forty-five days.

Case remanded. Jurisdiction retained.