J-S67045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                               :         PENNSYLVANIA
                    Appellee   :
                               :
              v.               :
                               :
TAAJ M. HUNTER                 :
                               :
                    Appellant  :         No. 22 EDA 2017

Appeal from the Judgment of Sentence August 26, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0012035-2015

BEFORE:   GANTMAN, P.J., MUSMANNO, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED OCTOBER 30, 2017**

Appellant, Taaj M. Hunter, appeals from the judgment of sentence entered in the Philadelphia Court of Common Pleas, following his open guilty plea to firearms not to be carried without a license.[1]  On April 21, 2016, Appellant entered an open guilty plea to firearms not to be carried without a license, which is part of the Pennsylvania Uniform Firearms Act.  The court sentenced Appellant on August 26, 2016, to three and a half to seven years' imprisonment.  During Appellant's sentencing hearing, the court stated it took into consideration the deadly weapons enhancement for sentencing purposes.  On September 6, 2016, Appellant timely filed a post-sentence motion, which challenged the court's use of the deadly weapon

_____

[1] 18 Pa.C.S.A. § 6106(a)(1).

_____

* Former Justice specially assigned to the Superior Court.

enhancement. The court denied Appellant's post-sentence motion on December 15, 2016. That same day, Appellant timely filed a *pro se* notice of appeal that stated he was appealing from his judgment of sentence on "April 21, 2016," which in fact was the date of his guilty plea. The court ordered Appellant on January 20, 2017, to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On February 10, 2017, the court appointed counsel and granted a thirty-day extension for the Rule 1925(b) statement. Appellant timely complied on March 13, 2017. On April 12, 2017, this Court issued a rule to show cause why the appeal should not be quashed as interlocutory where Appellant filed an appeal from his conviction, and not his judgment of sentence. Appellant timely responded on April 21, 2017, stating his appeal is not interlocutory because it stems from the denial of his post-sentence motion filed after his judgment of sentence on August 26, 2016. On May 18, 2017, this Court discharged our rule and referred Appellant's issue to a merits panel.

A claim that the sentencing court used an incorrect sentence enhancement presents a challenge to the discretionary aspects of sentencing, which must be raised in a post-sentence motion or during sentencing proceedings. *Commonwealth v. Rhoades*, 8 A.3d 912 (Pa.Super. 2010), *cert. denied*, 565 U.S. 1263, 132 S.Ct. 1746, 182 L.Ed.2d 536 (2012). When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his

brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Anderson*, 830 A.2d 1013 (Pa.Super. 2003). A substantial question exists when the appellant advances a colorable argument that the sentencing court's decisions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). A substantial question is raised where an appellant alleges his sentence is excessive due to the sentencing court's error in applying the deadly weapon enhancement. *Rhoades, supra*. A violation of the Pennsylvania Uniform Firearms Act is specifically exempted from the use of the deadly weapon enhancement at sentencing. 204 Pa.Code § 303.10(a)(3)(viii).

Instantly, Appellant properly preserved his sentencing issue involving the trial court's use of the deadly weapon enhancement. *See Rhoades, supra*; *Mouzon, supra*. The issue as presented raises a substantial question for review. *See Rhoades, supra*. The trial court concedes that it improperly used the deadly weapons enhancement for the sentence imposed on August 26, 2016, resentencing is necessary, and recommends a remand

for resentencing. The Commonwealth concurs. Accordingly, we vacate the judgment of sentence and remand for resentencing.

Judgment of sentence vacated; case remanded for resentencing. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/30/2017