J-S85037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TERRILL JAVON HICKS | |
| Appellant | No. 1152 WDA 2017 |

Appeal from the Judgment of Sentence imposed July 21, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0006205-2007

BEFORE:  BOWES, PANELLA, and STABILE, JJ.

MEMORANDUM BY STABILE, J:                **FILED MARCH 27, 2018**

Appellant, Terrill Javon Hicks, appeals from the judgment of sentence imposed on July 21, 2017 in the Court of Common Pleas of Allegheny County following a remand from this Court for resentencing.  Appellant claims the sentence imposed on remand is manifestly excessive.  Following review, we affirm.

The facts and procedural history of this case were set forth in detail in our November 18, 2016 opinion.  ***Commonwealth v. Hicks***, 151 A.3d 216, 218-20 (Pa. Super. 2016) (quoting Trial Court Opinion, 2/8/12, at 2-6 and Trial Court Opinion on Remand, 2/29/16, at 2 (footnotes omitted)), *appeal denied*, 168 A.3d 1287 (Pa. 2017).  Briefly, in 2010, Appellant was convicted, *inter alia*, of the first-degree murder of Kevin Harrison, the attempted

homicide of Kendall Dorsey, and the aggravated assault of Michael Harris, all stemming from events that occurred in 2006 when Appellant was fifteen years old. Appellant was sentenced to life in prison without possibility of parole for murder, as well as a consecutive term of ten to twenty years for attempted homicide and a consecutive term of five to ten years for aggravated assault.

Following the United States Supreme Court's decision in **Miller v. Alabama**, 567 U.S. 460 (2012), a panel of this Court vacated Appellant's judgment of sentence and remanded for resentencing. **Commonwealth v. Hicks**, 1822 WDA 2011 (Pa. Super. filed November 21, 2013), *appeal denied*, 91 A.3d 1293 (Pa. 2014). On remand, the trial court imposed consecutive sentences of 35 years to life in prison for murder, ten to twenty years for attempted homicide, and two-and-a-half to five years for aggravated assault. Appellant appealed to this Court. In our published opinion, we vacated the judgment of sentence and remanded for resentencing in accordance with factors set forth in **Commonwealth v. Knox**, 50 A.3d 732 (Pa. Super. 2012)[1] and **Miller**. **Hicks**, 151 A.3d at 216.

---

[1] In **Knox**, this Court identified factors to consider at resentencing, stating:

> [A]lthough **Miller** did not delineate specifically what factors a sentencing court must consider, at a minimum it should consider a juvenile's age at the time of the offense, his diminished culpability and capacity for change, the circumstances of the crime, the extent of his participation in the crime, his family, home and neighborhood environment, his emotional maturity and development, the extent that familial and/or peer pressure may

On remand, the trial court conducted another sentencing hearing and once again imposed consecutive sentences of 35 years to life for murder, ten to twenty years for attempted homicide, and two-and-a-half years for aggregated assault. Trial Court Order, 7/21/17, at 1. Appellant filed post-sentence motions, which were denied on July 26, 2017. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents one issue for this Court's consideration:

1. Did the trial court err in denying Appellant's post sentencing motions since Appellant's murder 1 sentence of 35 years to life imprisonment, and the imposition of a consecutive sentence [of] 10-20 years' imprisonment for attempted homicide, and a second consecutive sentence of 2.5-5 years' imprisonment for aggravated assault, resulting in an aggregate sentence of 47.5 years to life imprisonment, were each and aggregately manifestly excessive since Appellant showed remorse and accepted responsibility for his crimes, he was taking steps to rehabilitate himself and demonstrated that he was a changed person, he has already served 10.50 years, and it is unreasonable to believe that it will take another 37 years (until the year 2054), when he will 62 years old, for Appellant to reach the point at which he can return to and become a productive, positive and contributing member of society?

Appellant's Brief at 3. As such, Appellant presents a challenge to the discretionary aspects of sentence.

---

have affected him, his past exposure to violence, his drug and alcohol history, his ability to deal with the police, his capacity to assist his attorney, his mental health history, and his potential for rehabilitation.

*Id.*, 50 A.3d at 745 (citing ***Miller***).

"A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right." ***Commonwealth v. Grays***, 167 A.3d 793, 815 (Pa. Super. 2017) (citation omitted). Before we can reach the merits of a discretionary aspects challenge,

> [w]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id.*** at 815-16 (quoting ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006) (citations omitted)). Here, Appellant filed a timely notice of appeal, preserved the issue in his post-sentence motions, and included a statement in compliance with Pa.R.A.P. 2119(f). Therefore, we must determine whether Appellant has presented a substantial question that his sentence is not appropriate under the Sentencing Code. "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*) (citation omitted).

In ***Commonwealth v. Mouzon***, 812 A.2d 617 (Pa. 2002), our Supreme Court explained that our Court need not accept bald allegations of excessiveness as sufficient to present a substantial question.

> Rather, only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in

- 4 -

the Sentencing Code or a particular fundamental norm underlying the sentencing process, will such a statement be deemed adequate to raise a substantial question so as to permit a grant of allowance of appeal of the discretionary aspects of the sentence.

*Id.* at 627 (citations omitted).

In his Rule 2119(f) statement, Appellant contends his aggregate sentence of "47.5 years to life imprisonment[] individually and aggregately constituted manifestly excessive sentences." Appellant's Brief at 21. Citing *Commonwealth v. Wilson*, 935 A.2d 1267 (Pa. 2007), he asserts that a claim a sentence is excessive and the trial court did not provide sufficient reasons for the sentence raises a substantial question. *Id.* Further, "[c]laims that a penalty is excessive and/or disproportionate to the offense can raise substantial questions in the context of a sentence review. *Id.* (quoting *Commonwealth v. Malovich*, 903 A.2d 1247, 1253 (Pa. Super. 2006)).

In his appeal from the sentence imposed in 2015, Appellant raised the identical excessiveness issue. As we did then, we conclude Appellant has raised a substantial question for review. *Hicks*, 151 A.2d at 227 (citing *Commonwealth v. Macias*, 968 A.2d 773, 776 (Pa. Super. 2009) (sentencing court's failure to set forth adequate reasons for sentence imposed raises a substantial question) and quoting *Commonwealth v. Haynes*, 125 A.3d 800, 807-08 (Pa. Super. 2015) ("While a bald claim of excessiveness does not present a substantial question for review, a claim that the sentence is manifestly excessive, inflicting too severe a punishment, does present a

substantial question.")). Therefore, we shall consider the merits of Appellant's sentencing issue.

"In reviewing a challenge to the discretionary aspects of sentencing, we evaluate the court's decision under an abuse of discretion standard." **Commonwealth v. Stokes**, 38 A.3d 846, 858 (Pa. Super. 2011) (citation omitted). Further, "this Court's review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d)." **Macias**, 968 A.2d at 776-77.

Section 9781(c) directs:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781(c).

Section 9781(d) directs that the appellate court, in reviewing the record, shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

With regard to Section 9781(c), Appellant does not suggest the sentencing court erroneously applied the guidelines or imposed an unreasonable sentence outside the sentencing guidelines. Therefore, Appellant must demonstrate that the trial court abused its discretion by imposing a sentence that is within the guidelines but is clearly unreasonable under the circumstances of the case. 42 Pa.C.S.A. § 9871(c)(2).

At Appellant's resentencing hearing, the trial court acknowledged our Supreme Court's June 26, 2017 decision in **Commonwealth v. Batts**, 163 A.3d 410 (Pa. 2017) ("**Batts IV**").[2] Notes of Testimony ("N.T"), Resentencing Hearing, 7/21/17, at 2-3. In **Batts IV**, our Supreme Court discussed the legislative enactment of 18 Pa.C.S.A. § 1102.1 in the wake of the United States Supreme Court's decision in **Miller v. Alabama, supra**. In accordance with 18 Pa.C.S.A. § 1102.1(a)(1), a court sentencing a juvenile convicted of first-degree murder after June 24, 2012, *i.e.*, after **Miller**, must impose a

---

[2] We recognize that some recent decisions of this Court refer to the 2017 **Batts** case as **Batts II.** However, because we referred to **Batts II** and **III** in our 2016 opinion in Appellant's case, we shall refer to the 2017 **Batts** decision as **Batts IV**.

sentence of at least 35 years to life imprisonment.  However, Appellant was convicted prior to **Miller**.  In **Batts IV**, our Supreme Court addressed the sentence to be imposed on juveniles in that situation, stating:

> For some of the juvenile first-degree murder cases, the only appreciable difference between offenders will be the date of conviction.  Therefore, to promote uniformity in sentencing in pre- and post–**Miller** cases, when determining the appropriate minimum term of incarceration for pre–**Miller** offenders being sentenced to life with the possibility of parole, sentencing courts should be guided by the minimum sentences contained in section 1102.1(a) of twenty-five years for a first-degree murder committed when the defendant was less than fifteen years old and thirty-five years for a first-degree murder committed when the defendant was between the ages of fifteen and eighteen.

**Batts IV**, 163 A.3d at 458 (footnote omitted).  Therefore, because Appellant was fifteen years old at the time he committed murder, **Batts IV** directs that the sentencing court be guided by the thirty-five year minimum contained in § 1102.1(a).

Mindful of **Batts IV**, the trial court correctly observed, and all counsel agreed, "[I]t appears that my use of [Section] 1102 as a guideline would be appropriate, as long as I also consider **Knox** and **Miller**, as well as the experts report, the pre-sentence investigative report and the testimony that was provided."  N.T., Resentencing Hearing, 7/21/17, at 3.  The trial court then asked Appellant's counsel to identify any factors the court failed to consider in its earlier sentence that should be considered on remand.  Counsel replied, "I believe you considered all of the relative factors."  **Id.** at 4.  However, counsel then suggested Appellant's case was unusual because Appellant took

responsibility for the shootings—explaining he meant only to scare the victims and not "hit any of them." *Id.* Counsel reminded the court that Appellant had no positive male influences as a child, had expressed remorse, and had taken steps to rehabilitate himself. *Id.*

In its Rule 1925(a) opinion, the trial court explained that it had "considered that sentencing factors in *Kane* and *Miller*, the 18 Pa.C.S. § 1192.1(a)(1) factors, as well as the totality of information presented to fashion an individualized sentence." Trial Court Opinion, 11/13/17, at 5. The court then quoted from the resentencing hearing during which the Commonwealth "reviewed the *Knox/Miller* sentencing factors" with respect to Appellant. *Id.* at 5-6. The court noted that Appellant was sentenced in the standard range for his attempted homicide and aggravated assault convictions and explained that "[n]one of these sentences are individually excessive because they are each within the required or standard range proscribed by the Pennsylvania Sentencing Guidelines. A standard range sentence carries its own presumption of reasonability. *Commonwealth v. Walls*, 926 A.2d 957, 964-965 (Pa. 2007)." *Id.* at 6.

With regard to the imposition of consecutive rather than concurrent sentences, the trial court explained:

> [T]he aggregate sentence imposed is not excessive upon consideration of the sentencing factors of § 9721. Appellant heinously murdered 16 year-old Kevin Harrison on his own front porch and attempted to do the same to Kendall Dorsey and Michael Harris. Appellant is not entitled to a volume discount nor should he receive a benefit for his poor aim. It is this court's

- 9 -

obligation to protect the public from those who commit vicious crimes such as those committed by Appellant. This court did not act unreasonably or with prejudice. This sentence is thoroughly reflective of the gravity of the offense as it relates to the three victims, particularly Kevin Harrison who was robbed of his life, and of the need to protect the community, yet allows the possibility for Appellant to reenter society as a rehabilitated man after having served his aggregate minimum sentence of forty-seven and one half years.

*Id.* at 6 (some capitalization omitted).

We do not find that the trial court abused its discretion by imposing an aggregate sentence of 47½ years to life for Appellant's convictions of first-degree murder, attempted murder, and aggravated assault. As the Commonwealth observes, the trial court has discretion in sentencing and its sentence is to be afforded great weight "because it is in the best position to view the defendant's character and his displays of remorse, defiance or indifference, as well as the overall effect and nature of the crime." Commonwealth Brief at 18-19. Quoting *Walls*, the Commonwealth submits:

The sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed. Even with the advent of the sentencing guidelines, the power of sentencing is a function to be performed by the sentencing court.

*Id.* at 19 (quoting *Walls*, 926 A.2d at 961-62 (footnote omitted)).

The trial court properly considered the factors set forth in *Knox* and *Miller*, in compliance with our directive. Finding no abuse of discretion on the part of the trial court in imposing Appellant's sentence, we affirm.

- 10 -

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/27/2018</u>