J-S25006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRANDON S. VARNER | : | |
| | : | |
| Appellant | : | No. 873 WDA 2017 |

Appeal from the Judgment of Sentence April 5, 2017
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s):  CP-65-CR-0003062-2015

BEFORE:  GANTMAN, P.J., PANELLA, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MAY 08, 2018**

Appellant, Brandon S. Varner, appeals from the judgment of sentence entered in the Westmoreland County Court of Common Pleas, following his jury trial convictions for theft by unlawful taking, theft by failure to make required disposition of funds received, dealing in proceeds of unlawful activity, and theft of property lost, mislaid or delivered by mistake.[1]  We affirm.

In its opinion, the trial court accurately set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises one issue for our review:

> WHETHER THE TRIAL COURT ERRED IN SENTENCING [APPELLANT] TO A PERIOD OF INCARCERATION OF NOT LESS THAN 2.5 YEARS NOR MORE THAN 5 YEARS WHICH SENTENCE, WHILE WITHIN THE GUIDELINES, WAS IMPOSED INVOLVING CIRCUMSTANCES WHERE THE

---

[1] 18 Pa.C.S.A. §§ 3921(a); 3927(a); 5111(a)(1); 3924, respectively.

> APPLICATION OF THE GUIDELINES WAS CLEARLY UNREASONABLE. 42 PA.C.S.A. § 9781(C)(2).

(Appellant's Brief at 5).

A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. ***Commonwealth v. Hunter***, 768 A.2d 1136 (Pa.Super. 2001), *appeal denied*, 568 Pa. 695, 796 A.2d 979 (2001). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

What constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825 (Pa.Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Sierra***, 752 A.2d 910, 913 (Pa.Super. 2000) (internal citation omitted). In other words, an appellant's Rule 2119(f) statement must sufficiently articulate the manner in which the sentence violates either a specific provision of the

sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002).

Instantly, Appellant timely filed post-sentence motions challenging the discretionary aspects of his sentence, timely filed a notice of appeal, and included the requisite Rule 2119(f) statement in his appellate brief. *See Evans, supra*. Appellant essentially complains the court ignored his health issues, minimal criminal record, the non-violent economic nature of Appellant's crimes, that Appellant is a single father to one of his daughters, and that he would be able to make restitution payments to his victims more expeditiously if the court imposed a sentence of intermediate punishment. Nevertheless, these claims arguably are not substantial questions. *See Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (explaining general allegation that sentencing court failed to consider or adequately consider certain factors does not raise substantial question).

Moreover, after a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Richard E. McCormick, Jr., we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed September 6, 2017, at 3-4) (finding: court imposed minimum sentence for count three (dealing in

- 3 -

proceeds of unlawful activity) within low-aggravated range of guidelines; court imposed sentences of imprisonment at count one (theft by unlawful taking) and count three concurrently;[2] court had benefit of pre-sentence investigation report prior to sentencing; transcript of post-sentence motion hearing makes clear court was aware of and considered all Section 9721(b) factors; sentence imposed was within guidelines and was not unreasonable; court did not abuse sentencing discretion). Accordingly, Appellant's sentencing claim arguably fails to raise a substantial question as to the discretionary aspects of sentencing. In any event, we affirm based on the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2018

---

[2] The court imposed a standard range sentence at count one. Count two (theft by failure to make required disposition of funds received) merged with count one for sentencing purposes, and the court imposed a term of five years' probation at count four (theft of property lost, mislaid, or delivered by mistake).

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    )
   )
       v.                   )   No. 3062 Criminal 2015
   )
BRANDON S. VARNER           )

DECREE PURSUANT TO RULE 1925(a) OF THE RULES OF APPELLATE
PROCEDURE, SETTING FORTH THE PLACE IN THE RECORD WHERE THE
REASONS FOR THE DECISION OF THE COURT MAY BE FOUND

AND NOW, this ⟵5 day of September, 2017, this Decree is made in accordance with

Rule 1925(a), Pennsylvania Rule of Appellate Procedure.

Defendant Brandon S. Varner was charged in August 2015, with three counts of theft for

orchestrating a long term and elaborate scheme to steal money from his employers, Sal and

Kathy Cerra, the owners of Cerra Automotive in Greensburg, Pennsylvania. Mr. Varner held a

position of trust with Cerra Automotive; his scheme included opening up a bank account in their

name without their permission or knowledge, into which he deposited checks intended for Cerra

Automotive in excess of $100,000 between December 2013 and March 2015, when his scheme

was detected. [1] Independently, Mr. Varner also received a check by mistake from Elite Motors in

the amount of $37,800.00, and failed to take reasonable steps to return the monies to Elite

Motors; eventually he returned all but $3,800.00, which remains unaccounted for. He was

charged with a fourth count of theft of property lost, mislaid, or delivered by mistake.[2]

---

[1] Specifically, Mr. Varner was charged at Count 1 with theft by unlawful taking or distribution of
movable property, 18 Pa.C.S. § 3921(a); at Count 2 with theft by failure to make required disposition of
funds, 18 Pa.C.S. § 3927(a); and at Count 3, with dealing in proceeds of unlawful activities, 18 Pa.C.S.
§5111(a)(1).
[2] 18 Pa.C.S. § 3924.

1

Mr. Varner was convicted on all charges on January 11, 2017 by a jury in the Court of Common Pleas of Westmoreland County before this Court. A Presentence Report as required by 18 Pa.C.S. § 9731, was prepared and distributed to the parties and the Court. The Report evaluated Mr. Varner as having a Prior Record Score of 4, which, combined with the offense severity scores of the various offenses, produced minimum incarceration ranges under the guidelines of 12 to 30 months at Count 1 (with 18 to 24 months the standard minimum range); 12 to 36 months at Count 3 (with 21 to 27 months the standard minimum range); and 6 to 19 months at Count 4 (with 9 to 16 months the standard minimum range). Count 2 merged for sentencing purposes with Count 1. There were no objections or challenges to the Presentence Report or its calculations of the minimum guidelines ranges of imprisonment.

Mr. Varner was sentenced by this Court on April 5, 2015 as follows. At Count 3, he was sentenced to a term of imprisonment of a minimum 2.5 years (30 months) to a maximum of five years (60 months); at Count 1, he was sentenced to a term of imprisonment of a minimum 2 years (24 months) to a maximum of four years (48 months), to run concurrent to the term of imprisonment imposed at Count 3; and at Count 4, he was sentenced to a maximum term of probation of five years. Through new counsel, Mr. Varner filed a Motion for Reconsideration of Sentence, which this Court denied on June 1, 2017. Thereafter, he filed a Notice of Appeal, on June 12, 2017, and this Court directed him on June 23, 2017, to file a Concise Statement of the Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) by July 14, 2017.

The Rule 1925(b) Statement was timely filed, and this Opinion addresses the one issue it raises: "The Sentencing Court erred in sentencing Defendant to a period of incarceration of not less than 2.5 years nor more than 5 years which sentence, while within the guidelines, was imposed involving circumstances where the application of the guidelines was clearly

2

unreasonable. 42 Pa.C.S.A. 9781(c)(2)." As the Concise Statement correctly notes, this sole issue was raised and rejected by this Court in denying defendant's motion for reconsideration of sentence.

Section 9721(b) offers the following guidance to inform the trial court's sentencing determination: "[T]he sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). Where a presentence report exists, the sentencing judge is presumed to be aware of the relevant information regarding the defendant's character; the report "constitutes the record and speaks for itself." *Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa.Super. 2014). Where the Court sentences within the guidelines, as defendant candidly concedes was the case herein, review of such a sentence is narrowly circumscribed, and will only be reversed or vacated where "the sentence was imposed within the guidelines 'but the case involves circumstances where the application of the guidelines would be clearly unreasonable.'" *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007).

"Unreasonable" in this context "commonly connotes a decision that is 'irrational' or not guided by sound judgment." *Commonwealth v. Nakutis*, 2017 WL 902229, at *4 (Pa.Super. 2017), citing *Walls*, 926 A.2d at 963. A within the guidelines sentence will only be found to be unreasonable if the record indicates the sentencing court did not weigh the general standards for sentencing set forth in section 9721 (protection of public, gravity of offense and impact on life of victim and community, and defendant's rehabilitative needs, 42 Pa.C.S. § 9721(b)). *Commonwealth v. Cartagena*, 2017 WL 1408068, *3 (Pa.Super. 2017), citing *Walls*, 926 A.2d at 964 and 42 Pa.C.S. § 9721(b).

3

Defendant's minimum sentence was within the low-aggravated minimum sentencing range of the guidelines, as outlined above, and more importantly, the sentences at Counts 1 and 3 were made to run *concurrent*. Moreover, the transcript of the proceedings of April 5, 2017, demonstrate that the sentencing court was aware of and considered all of the section 9721(b) factors, and defendant did not offer anything additional nor did he object or challenge the court's evaluation of said factors. In short, the sentence imposed in this case was within the guidelines and was not unreasonable.

BY THE COURT:

_____
RICHARD E. MCCORMICK, JR.,
PRESIDENT JUDGE

Attest:

_____
Clerk of Courts

CC: Peter G. Flanigan, Assistant District Attorney
Patrick J. Thomassey, Esquire

4