J-S24045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT AKERS | : | |
| | : | |
| Appellant | : | No. 1787 EDA 2018 |

Appeal from the Judgment of Sentence Entered October 7, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000096-2015

BEFORE: LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED MAY 21, 2019**

Appellant Robert Akers appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County on October 7, 2015, following his guilty plea to Burglary, Criminal Trespass, Theft by Unlawful Taking, and Receiving Stolen Property.[1] Upon review, we affirm.

On February 21, 2014, police responded to a report of a burglary in progress at the victim's home in Philadelphia. When they arrived, officers observed Appellant, who matched the flash description, inside the enclosed porch of the home in the process of moving items out of a broken window. The items were holiday gifts belonging to the seventy-year-old victim who was not at home at the time, as she had been moved to a nursing home temporarily. N.T. 2/25/15, at 4-5.

---

[1] 18 Pa.C.S.A. §§ 3502; 3503; 3921; 3925, respectively.

---

\* Former Justice specially assigned to the Superior Court.

When police questioned him, Appellant stated he worked for the victim and had permission to be on the premises. *Id*. at 5. When officers told him he was under official investigation, Appellant provided them with an incorrect date of birth. *Id*. Without being questioned further, Appellant stated he "had an addiction to weed," and committed the burglary to supplement that addiction. *Id*. at 6.

When contacted, the victim indicated Appellant did not have permission to be in her home and stated his description sounded like the individual who previously had stolen two hundred dollars from her checking account after she provided him with her debit card to pay for repairs he had made at her home. *Id*. After viewing a photo array, the victim identified Appellant as the individual who had done the repair work for her. *Id*.

On February 25, 2015, Appellant pled guilty to all charges. The trial court accepted his plea and deferred sentencing to obtain a Presentence Investigation Report (PSI) and a Mental Health Evaluation. On October 7, 2015, the trial court sentenced Appellant to an aggregate term of three (3) years to ten (10) years in prison to be followed by ten (10) years of probation.

On November 23, 2015, Appellant filed a *pro se* notice of appeal, and on December 7, 2015, he filed a *pro se* petition pursuant to the Post Conviction Relief Act (PCRA).[2] On January 19, 2016, this Court remanded the case for the trial court to appoint appellate counsel. Counsel was appointed and filed

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

a concise statement of the matters complained on appeal on March 1, 2016.

On April 8, 2016, this Court quashed the appeal as untimely filed.

Appellant filed a counselled PCRA petition on May 10, 2016, and following an evidentiary hearing on April 23, 2018, the trial court granted Appellant's petition and reinstated his appellate rights *nunc pro tunc*.[3] On May 3, 2018, Appellant filed a motion for reconsideration of sentence, and the trial court denied the same on May 21, 2018.

Appellant filed a notice of appeal with this Court on June 19, 2018. The trial court did not order Appellant to file a concise statement of the matters

_____

[3] In a *Per Curiam* Order filed on July 20, 2018, this Court directed Appellant to show cause within ten days of that date why his appeal filed on June 19, 2018, should not be quashed as untimely. We stated that according to the trial court docket, Appellant's appeal rights had been reinstated on April 23, 2018; however, there was no indication thereon that his post-sentence motion rights had been reinstated.

In his response to this Court's Order to Show Cause, Appellant explained that at the evidentiary hearing held on April 23, 2018, the trial court had provided the Commonwealth with an opportunity to appeal the reinstatement of Appellant's appellate rights within thirty days and scheduled a status hearing for May 21, 2018, which interfered with the finality of the reinstatement and Appellant's ability to file a notice of appeal within thirty days. Our review of the hearing transcripts reveals that, indeed, the trial court indicted it was "reinstating [Appellant's] rights to file a reconsideration. . . reinstating his rights so he can take an appeal if he wants to. The Commonwealth has 30 days to appeal [its] decision. . . ." N.T. 4/23/18, at 44. The trial court did not specify a time by which Appellant was to file an appeal. Thus, we agree with Appellant that he "can only appeal final orders; the opportunity for appeal that the [trial court] granted to the Commonwealth implied that the order reinstating [ ] Appellant's appellate rights was not final, as that order could be overturned by an appeal by the Commonwealth." **See** Response to the Court's Order to Show Cause, 7/30/18, at ¶ 5. Therefore, we will deem the instant appeal, filed on June 19, 2018, and less than thirty days after the status hearing, to be timely filed.

complained of on appeal, and Appellant did not file a concise statement. The trial court filed an Opinion pursuant to Pa.R.A.P.1925(a) on July 9, 2018.

In his brief, Appellant presents the following Statement of Questions Involved:

> Did the trial court abuse its discretion when it sentenced [Appellant] to an aggregate sentence of 3-10 years['] incarceration followed by 10 years['] reporting probation where the sentencing court did not follow the dictates of 42 Pa.C.S. § 9721(b) which requires the court to at least consider the particular circumstances of the offense and the character of the defendant?

Brief for Appellant at 3.

Appellant posits the trial court "unfairly focused on the circumstances of the crime, failing to take into account mitigating information that was important to fashioning an individualized sentence." *Id*. at 10. Appellant posits the punishment was disproportionate to the crime because he suffered from a severe controlled substance addiction and was in need of drug treatment, and the items were recovered immediately and returned to the victim who was not at home at the time. *Id*. at 10-11.

This issue implicates the discretionary aspects of Appellant's sentence, and in considering it we bear in mind the following:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his [or her] sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to

- 4 -

reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa.Super. 2013) (some citations omitted), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013).

Herein, Appellant timely filed a post-sentence motion and notice of appeal, and he included a statement of reasons for allowance of appeal pursuant to Rule 2119(f) in his appellate brief. Thus, we proceed to consider whether Appellant has presented a substantial question for our review. In doing so we are mindful that the determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa.Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Griffin*, 65 A.3d at 935 (citation and quotation marks omitted).

In his 2119(f) statement, Appellant argues that he has raised a substantial question because the sentencing court "imposed a manifestly and unjustifiably excessive sentence" and "did not consider [Appellant's] unique circumstances in any manner or consider his rehabilitative needs relating to those offenses, but instead focused solely on the seriousness of the offenses

- 5 -

and the age and circumstances of the victim [when] merely sentence[ing] [Appellant] to an aggregate of the statutory maximum for each offense." Brief for Appellant at 7-8. While Appellant does not overtly assail the consecutive nature of the sentence, he does so implicitly by challenging the length of his aggregate sentence. Therefore, he essentially challenges the aggregate term of incarceration and probation as excessive and claims that the trial court failed to consider his rehabilitative needs.

Following our review, we conclude Appellant has forwarded a plausible argument that his sentence is unreasonable and, therefore, he has advanced a substantial issue for our review. *See Commonwealth v. Caldwell*, 117 A.3d 763, 770, *appeal denied*, 633 Pa. 774, 126 A.3d 1282 (2015) ("challenge to the imposition of [defendant's] consecutive sentences as unduly excessive, together with [a] claim that the court failed to consider [ ] rehabilitative needs upon fashioning its sentence, presents a substantial question."). As such, we turn to a consideration of the merits of his claim. Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> * * *
>
> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the

- 6 -

defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

***Commonwealth v. Antidormi***, 84 A.3d 736, 760-61 (Pa.Super. 2014) (internal citations and quotation marks omitted). In addition, Pennsylvania's sentencing scheme is "indeterminate, advisory, and guided" in its nature. Thus, trial courts retain broad discretion to sentence up to and including the maximum sentence authorized by statute; "the only line that a sentence may not cross is the statutory maximum sentence." ***Commonwealth v. Gordon***, 596 Pa. 231, 244-45, 942 A.2d 174, 182 (2007) (citations omitted), *cert. denied*, 553 U.S. 1024, 128 S.Ct. 2094 (2008). "Traditionally, the trial court is afforded broad discretion in sentencing criminal defendants 'because of the perception that the trial court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.' " ***Commonwealth v. Mouzon***, 571 Pa. 419, 423, 812 A.2d 617, 620 (2002); ***see also Commowealth v. Melvin***, 172 A.3d 14, 21 (Pa.Super. 2017), *appeal denied*, 187 A.3d 207 (2018) ("To be clear, while the court must consider the guidelines, the court is also afforded broad discretion in sentencing matters, as it is in the best position to evaluate the individual circumstances before it.").

Furthermore, the trial court indicated that it had received and considered a pre-sentence investigation (PSI) report prior to sentencing. ***See*** N.T. 10/7/2015, at 17. This Court recently reiterated:

When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S.A. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant.

* * *

A judge's statement of the reasons for imposing a particular sentence must clearly show that he has given individualized consideration to the character of the defendant. In addition:

Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A presentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed.

Accordingly, where the sentencing judge had the benefit of a pre-sentence report, it will be presumed that he was aware of relevant information regarding appellant's character and weighed those considerations along with the mitigating statutory factors.

*Commonwealth v. Conte*, 198 A.3d 1169, 1176-77 (Pa.Super. 2018) (citations and quotations omitted).

In light of the foregoing, because the trial court herein had the benefit of a PSI report and specifically indicated it had considered the same prior to fashioning it sentence, we presume that it considered the required statutory factors when fashioning Appellant's sentence.

Finally, upon our review of the sentencing transcript, we conclude that the trial court detailed the reasoning in employed when fashioning Appellant's sentence which included a consideration of Appellant's potential for

- 8 -

rehabilitation. In response to Appellant's acknowledgement that he had been wrong, the trial court remarked that it took "32 arrests, 20 convictions, eight violations of probation and 13 misconducts in custody for[] –this vision to come to [him]- this epiphany to come to [him.]" N.T., 10/7/15, at 17.

The trial court further indicated that it had taken into consideration the fact that Appellant had pled guilty, the PSI report, the victim's testimony, and counsel's statements regarding the care Appellant provides to family members. *Id*. 17-18. The trial court also explained its concern that Appellant had a history of burglarizing vulnerable individuals and had misled the victim herein by taking money from her under the false pretenses of making repairs. *Id*. The trial court stated that for these reasons it gave Appellant probation and imposed its sentence "to protect the public, to rehabilitate, and to prevent further crime in the community." *Id*. at 18-19. The trial court concluded:

> The victim here is a senior. We realize that seniors and children must be protected. They are in vulnerable classes, so I take this action. The sentence will be 3 to 10 years, plus 10 years consecutive probation on the burglary F-1.

*Id. at 18*.

When Appellant remarked that at sixty years old he felt he would die in prison, the trial court informed Appellant of his right to seek to have the court reconsider his sentence and added:

> I was gracious to you. Do you know why I was gracious to you? Because your mother is sick and you're taking care of her, and I balanced it with taking care of this victim, and your—I understand people have problems, but you cannot burglarize people and take advantage of people.

*Id*. at 20.

As such, we reject Appellant's argument that the trial court failed to consider rehabilitation when fashioning its sentence. Finding no abuse of discretion, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/21/19