J-S49028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAHRELL ARRINGTON | : | |
| | : | |
| Appellant | : | No. 584 WDA 2020 |

Appeal from the Judgment of Sentence Entered February 5, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001531-2019

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                **FILED NOVEMBER 23, 2020**

Appellant, Jahrell Arrington, appeals from the February 5, 2020 Judgment of Sentence entered in the Allegheny County Court of Common Pleas following his guilty plea to Person Not to Possess a Firearm, Carrying a Firearm Without a License, and the summary offense of Disorderly Conduct.[1] Appellant challenges the discretionary aspects of his standard-range sentence. After careful review, we affirm.

The facts and procedural history are, briefly, as follows.  On January 29, 2019, while investigating a report of a stolen vehicle, Pittsburgh Police officers apprehended Appellant.  Appellant, who had a prior adjudication for Robbery,

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6105(c)(8), 6106(a)(1), and 5503(a), respectively.

was in the possession of a firearm.[2] In a recorded interview, Appellant admitted that he had purchased and possessed the firearm.

The Commonwealth charged Appellant with the above offenses. On September 23, 2019, Appellant entered into an open guilty plea. The plea court conducted a plea colloquy, after which it accepted Appellant's plea and ordered the preparation of a Pre-Sentence Investigation ("PSI") Report.

On February 5, 2020, the court conducted a sentencing hearing. At that time, Appellant did not object or suggest any additions or corrections to the PSI Report. Appellant and his mother testified at the sentencing hearing. After considering that testimony, the PSI Report, and counsels' arguments, the court sentenced Appellant below the standard range sentence to a term of 40 to 80 months' incarceration for Carrying a Firearm Without a License conviction, followed by 5 years of probation for his Person Not to Possess a Firearm conviction.[3] Appellant filed a Post-Sentence Motion for Modification of Sentence, which the trial court denied on February 21, 2020.

This appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

---

[2] Appellant's prior adjudication rendered him a person not to possess a firearm pursuant to 18 Pa.C.S. § 6105(c)(8).

[3] This sentence is two months below the standard range suggested by the sentencing guidelines, and lower than the 42- to 84-month sentence sought by the Commonwealth.

Whether the February 5, 2020 sentence is, under the circumstances, clearly unreasonable and constitutes an abuse of discretion where the Court of Common Pleas failed to: (1) adequately/meaningfully consider all of the statutory factors of 42 Pa.C.S. §§ 9721(b) and 9781(d), focusing on the need to protect the public, where [Appellant's] prior record (and the prior record score of R-FEL) was based solely on juvenile adjudications for offenses committed when he was between the ages of high immaturity of 12 and 16 years (where, as to the gravity of the offense, the standard range of the guidelines without regard to his prior record would be less than one-third of that applied in this matter), he obtained a high school diploma, completed Thinking for a Change, Relationship and Parenting groups, enrolled in the Jail Collaborative and, at the time of sentencing, was 19 years old and has a 2-year old daughter; or (2) impose an individualized sentence on determining its "hands are kind of tied" due to the standard range DWE/Possessed matrix (being equal to the statutory maximum of 42 months for a minimum sentence) and imposing a minimum sentence just two months below that range?

Appellant's Brief at 3.

In his issue, Appellant complains that the court failed to consider all of the sentencing factors and failed to impose an individualized sentence. As presented, this argument implicates the discretionary aspects of his sentence.

Challenges to the discretionary aspects of sentence are not appealable as of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by satisfying a four-part test: "(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there

is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b)." *Id.* (citation omitted).

Our review of the record indicates that Appellant has satisfied the first three requirements. We, thus, proceed to consider whether Appellant has presented a substantial question.

It is well-settled that:

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations and quotation marks omitted).

The Sentencing Code requires that, in fashioning an individualized sentence, the sentencing court impose a sentence that is "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

"An appellant must articulate the reasons the sentencing court's actions violated the sentencing code." *Moury*, 992 A.2d at 170. Bald claims of excessiveness without a plausible argument that the sentence is contrary to the sentencing code do not raise a substantial question. *Commonwealth v. Mouzon*, 812 A.2d 617, 627 (Pa. 2002).

Here, Appellant avers that the trial court abused its discretion and imposed an unreasonable sentence by failing to consider all of the sentencing factors before imposing sentence. In particular, Appellant asserts that the court did not consider his rehabilitative needs and, in considering protection of the public, the court only considered Appellant's conviction of the instant crimes and his prior juvenile adjudications. Appellant's Brief at 14-19. Appellant also asserts that because the court remarked at sentencing that its "hands are kind of tied" because of Appellant's extensive juvenile criminal record, the court gave controlling weight to the sentencing guidelines and, thus, failed to impose an individualized sentence. *Id.* at 18-20.

Appellant presents a substantial question. ***See Commonwealth v. Riggs***, 63 A.3d 780, 786 (Pa. Super 2012) (an allegation that the court failed to consider all relevant sentencing factors raises a substantial question); ***Commonwealth v. Devers***, 546 A.2d 12, 13 (Pa. 1988) (an individualized sentence is a fundamental norm of the sentencing process; a claim that the sentence court did not impose an individualized sentence raises a substantial question). Accordingly, we review the merits of his argument and applicable case law below.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Barnes***, 167 A.3d 110, 122 n.9 (Pa. Super. 2017) (*en banc*) (citation omitted). A sentencing court has broad discretion in choosing the range of permissible confinement that best suits a

particular defendant and the circumstances surrounding his or her crime. ***Commonwealth v. Celestin***, 825 A.2d 670, 676 (Pa. Super. 2003).

Where the sentencing court has the benefit of a PSI report, we presume that it is "aware of all appropriate sentencing factors and considerations," and we will not disturb the sentencing court's discretion. ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (discussing ***Devers***, 546 A.2d at 18-19). Moreover, when the trial court reviews the PSI report, it satisfies "the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI]; thus properly considering and weighing all relevant factors." ***Id.***

In addition, courts have consistently found that sentences imposed within the standard range of the sentencing guidelines are not excessive or unreasonable. ***See***, ***e.g.***, ***id.*** (explaining that a sentence within the guidelines is presumed to be reasonable); ***see also Commonwealth v. Cruz–Centeno***, 668 A.2d 536, 546 (Pa. Super. 1995) (finding that a standard range sentence imposed following consideration of a PSI report was neither excessive nor unreasonable).

Here, at the sentencing hearing, Appellant's counsel emphasized Appellant's educational and rehabilitative endeavors and argued in favor of a sentence that would permit Appellant to continue making progress in those areas. N.T. Sentencing, 2/5/20 at 9-10. The court then acknowledged its review of the PSI Report, and imposed a sentence below the standard range provided in the sentencing guidelines. ***Id.*** at 2, 11-12. Thus, the court did

consider Appellant's rehabilitative needs during oral argument and as provided in the uncontested PSI Report before imposing sentence. Accordingly, we conclude that the sentencing court properly considered and weighed all relevant factors and imposed upon Appellant an individualized sentence. Appellant's claim that the trial court abused its discretion in imposing his sentence, thus, lacks merit.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2020