J-A05014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
WILLIAM MCFIELD :
:
Appellant : No. 818 EDA 2023

Appeal from the Judgment of Sentence Entered September 26, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000449-2022

BEFORE:  DUBOW, J., KING, J., and LANE, J.

MEMORANDUM BY DUBOW, J.:                          **FILED MAY 24, 2024**

Appellant William McField appeals from the Judgment of Sentence of five to ten years' incarceration entered following his open guilty plea to one count of aggravated assault.[1]  He challenges the discretionary aspect of his sentence.  After careful review, we affirm.

**A.**

We glean the underlying facts from the certified record.  During the morning rush hour on January 10, 2022, in a stairwell of the 30th Street Market/Frankford El SEPTA train line in Philadelphia, Appellant grabbed the purse strap of Ms. Kristin Galli, a 68-year-old woman then on her way to work, and pulled her backwards, causing her to fall and hit her head on the ground. Appellant then punched and kicked her as she screamed for help.  Ms. Galli

---

[1] 18 Pa.C.S. § 2702(a)(1).

suffered a concussion and other injuries that caused long-term physical and emotional injuries.

The Commonwealth charged Appellant with aggravated assault, robbery, criminal attempt, and simple assault. On June 23, 2022, Appellant entered an open guilty plea to aggravated assault; in exchange, the Commonwealth discontinued prosecution on the remaining charges. The court ordered a pre-sentence investigation ("PSI") and mental health evaluation.

On September 26, 2022, the court opened Appellant's sentencing hearing by noting that it had reviewed the PSI and mental health evaluation reports. Appellant's counsel then argued vigorously for a sentence that took into consideration Appellant's age, his significant mental health issues, including dementia and rapidly declining cognitive abilities, his diabetes, and asthma. The Commonwealth noted Appellant's prior record score of RFEL,[2] an offense gravity score of 10, and the standard range minimum sentence of 72 to 84 months' incarceration, plus or minus 12, before it reviewed Appellant's history of violent criminal activity dating back to the 1970's, his history of crack cocaine abuse, his sixth-grade education, his significant medical needs, and his then-68 years of age. The Commonwealth then requested a sentence of 4 to 12 years' incarceration in SCI Laurel Highlands

_____

[2] "RFEL" is the category into which the Sentencing Guidelines classify "[o]ffenders who have previous convictions or adjudications for Felony 1 and/or Felony 2 offenses which total 6 or more points in the prior record, and who do not fall within the Repeat Violent Offender Category[.]" 204 Pa. Code § 303.4(a)(2).

where his diabetes and geriatric needs could be addressed during his confinement.

After Ms. Galli read a victim impact statement to the court, and Appellant acknowledged that he was sorry that he attempted to steal Ms. Galli's purse, the court sentenced Appellant to a term of five to ten years' incarceration in SCI Laurel Highland as "best suited for [Appellant's] care, treatment, and needs." N.T. Sent'g, 9/26/22, at 31. The court acknowledged that it considered the protection of the public, the gravity of the offense as it relates to the impact on Ms. Galli, and the rehabilitative needs of Appellant and concluded that "[g]iven [Appellant's] age, . . . incarceration to state sentence is best for him and the protection of the community." **Id**. The court further ordered that Appellant receive treatment for his current medical issues, which included "dementia, diabetes, glaucoma, asthma, and hypertension." **Id**. at 32.

Appellant filed a post-sentence motion seeking reconsideration of the sentence on October 1, 2022, which the court denied without a hearing three days later.

Following a PCRA proceeding, the court reinstated Appellant's appellate rights and he timely appealed. Appellant and the trial court complied with Pa.R.A.P. 1925.

**B.**

Appellant provides the following issue for our review:

Did not the lower court err and abuse its discretion by sentencing Mr. William McField to an unreasonable sentence by failing to give proper consideration to Mr. McField's deteriorating mental and physical health and mitigating factors, and as a result was not the sentence contrary to the fundamental norms underlying the sentencing process, manifestly unreasonable, and excessive?

Appellant's Br. at 5.

### C.

Challenges to the discretionary aspects of sentence are not appealable as of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question "that the sentence appealed from is not appropriate under the Sentencing Code." *Id.* (citation omitted).

Appellant preserved the issue in a post-sentence motion, timely appealed, and included a Rule 2119(f) Statement in his brief. We, thus, proceed to consider whether Appellant has raised a substantial question for our review.

We determine on a case-by-case basis whether an appellant has raised a substantial question regarding discretionary sentencing. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). "A substantial question

exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation omitted).

In his Rule 2119(f) Statement, Appellant asserts that the court violated the fundamental norms underlying the sentencing process by failing to consider the sentencing factors provided in 42 Pa.C.S. § 9721(b) and imposing a sentence with an "extraordinary length" that "under the circumstances was manifestly unreasonable, excessive[,] and not individualized." Appellant's Br. at 12. We conclude he has raised a substantial question. *See Commonwealth v. Mouzon*, 812 A.2d 617, 627 (Pa. 2002) (providing that an appellant raises a substantial question where his Rule 2119(f) statement "sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process").

**D.**

We consider the merits of Appellant's claim mindful that sentencing is vested in the sound discretion of the sentencing court, and we shall not disturb a sentence absent a manifest abuse of discretion. *Commonwealth v. Summers*, 245 A.3d 686, 692-93 (Pa. Super. 2021).

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of

- 5 -

partiality, prejudice, bias or ill will, or arrived at a manifestly
unreasonable decision.

*Id.* at 693 (citation omitted); *see also* 42 Pa.C.S. § 9781(c), (d) (providing to appellate courts standards for reviewing sentences challenged as unreasonable).

"Sentencing in Pennsylvania is individualized, and requires the trial court to fashion a sentence 'that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant[.]'" *Commonwealth v. Baker*, 72 A.3d 652, 663 (Pa. Super. 2013) (quoting 42 Pa.C.S. § 9721(b)). Additionally, when sentencing to total confinement, the court must consider "the history, character, and condition of the defendant[.]" 42 Pa.C.S. § 9725.

When a sentencing court has reviewed a presentence investigation report, we "presume" that the court properly considered and weighed all relevant factors, including mitigating factors. *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988).

In addressing Appellant's issues raised in his Rule 1925(b) Statement, the trial court noted that it "considered the sentencing recommendations of both parties and carefully followed the sentencing guidelines" and, as detailed in the sentencing transcript, "offered sufficient, valid reasons for imposing its mitigated guideline sentence." Trial Ct. Op., filed May 26, 2023, at 4. The court also observed that, "[c]ontrary to Appellant's claim, the sentencing transcript demonstrates that the [c]ourt indicated an *express consideration* of

the . . . standards [provided in 42 Pa. C.S. § 9721(d)] in fashioning Appellant's sentence[.]" *Id*. at 5-6, quoting N.T. Sent'g, at 29-31 (emphasis in original).

In his brief, Appellant argues that the "uncontradicted evidence of his deteriorating health, serious mental and physical disabilities, advanced age, and likely inability to reoffend, all . . . militated in favor of a sentence of strict supervision in a nursing home, not a prison." Appellant's Br. at 16. He emphasizes the recommendations of a social worker and psychiatrist, as provided to the court in his mitigation memorandum and the mental health evaluation report. *Id*. at 16-19. He contends that the court abused its discretion by "disregard[ing]" those recommendations, as well as the Commonwealth's recommendation, and imposed a sentence which "appeared to rely almost entirely upon the nature of the offense . . . and ignored Appellant's needs for rehabilitation in violation of 42 Pa.C.S. § 9721." We disagree.

Our careful review of the record reveals that the court reviewed the PSI and mental health evaluation reports before acknowledging not only the impact of the crime on Ms. Galli's physical and mental health, but also Appellant's significant health problems stemming from the circumstances of his then-68 years of life. In imposing a sentence within the mitigated range of the sentencing guidelines[3] and recommending incarceration in SCI Laurel

---

[3] *See* Pa.Code § 303.16(a) (providing, in relevant part, for a standard minimum sentence of 72 months and mitigated minimum of 60 months' incarceration).

Highland, a facility known to provide appropriate care and supervision to an aging population suffering from the health challenges suffered by Appellant, we conclude that the court properly considered the sentencing factors provided in Section 9721, particularly Appellant's rehabilitation needs. Accordingly, pursuant to our standard of review, we conclude the court properly exercised its discretion in sentencing Appellant to a mitigated term of five to ten years' incarceration. We, thus, affirm Appellant's judgment of sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/24/2024